## Martin's Grill, Inc. Liquor License Case.

Argued May 7, 1942.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, RHODES, HIRT and KENWORTHEY, JJ.

*Willard I. Singer,* with him *J. Thomas Hoffman,* for appellant.

*Andrew G. Uncapher,* Special Deputy Attorney General, with him *Horace A. Segelbaum,* Deputy Attorney General, and *Claude T. Reno,* Attorney General, for appellee.

OPINION BY KELLER, P. J., July 23, 1942:

This is an appeal by the corporate holder of a restaurant liquor license from an order of the Court of Quarter Sessions of Allegheny County, dismissing its appeal from an order of the Pennsylvania Liquor Control Board, suspending its license for forty-five days because of violations of the Act of June 16, 1937, P. L. 1762.

The violations complained of were (1) the fortifying or adulteration of liquors, contrary to section 603 of said act; and (2) the refilling, wholly or in part, with any liquid, of bottles previously sealed with the official seal of said Liquor Control Board, contrary to the same section.

As no right of appeal from the action of the court of quarter sessions to this court is specifically granted with respect to orders *revoking* or *suspending* liquor licenses (section 410)—although there is no prohibition of such appeal, as is provided in section 404, with respect to the action of said court in *granting* or *refusing* a license—the present appeal is in the nature of a certiorari, and our duty is to determine—the jurisdiction of the court being clear and the regularity of

the proceedings not questioned—whether the court below abused its discretion or committed an error of law: *Com. v. Hildebrand,* 139 Pa. Superior Ct. 304, 308, 11 A. 2d 688; *Mami's Liquor License Case,* 144 Pa. Superior Ct. 285, 290, 19 A. 2d 549; *Askounes' Liquor License Case,* 144 Pa. Superior Ct. 293, 300-301, 19 A. 2d 846. While we may review the evidence, we are to determine only whether there has been an error of law committed: In re *Elkland Leather Worker's Assn., Inc.,* 330 Pa. 78, 80, 198 A. 13. If there is competent evidence to support the order appealed from, it is not our province to weigh it and determine the facts.

There is ample evidence in the record to sustain the order of the court below, upholding the action of the board.

The testimony of O. D. Mahaffey, the chemist in charge of the Pittsburgh Laboratory of the United States Treasury Department, was sufficient to show that opened bottles of whiskey, bearing the official seal of the board, found in the appellant's possession and seized by the state and federal law enforcement officers, and sealed by them, which were labelled as spirit blend[1] whiskey, on being analyzed, were found to contain not spirit blend whiskey but straight whiskey or a blend of straight whiskeys, without the addition of any neutral grain spirits to it; while the same brands of whiskey, bearing the same labels, taken from the State liquor stores with unbroken seals, on being analyzed, were found to be spirit blend whiskey, just as represented on the label, and not straight whiskey, or a blend of straight whiskies. This was proof sufficient to justify a finding that straight whiskey had been added in large quantity to spirit blend whiskey, or that bottles of spirit blend whiskey purchased from State liquor stores, when empty had been filled with

---

[1] Spirit blend whiskey is a blend of whiskey and neutral grain spirits.

straight whiskey or a blend of straight whiskies, contrary to the provisions of section 603 of the Act of Assembly aforesaid. It was not necessary to show that this had been done by the direction of the officers of the corporation. It is responsible for the acts of its agents and employees: *Easton's Liquor License Case,* 142 Pa. Superior Ct. 49, 50, 15 A. 2d 480.

Counsel for appellant apparently misunderstood, or else misconstrued, the force and effect of Mr. Mahaffey's testimony. Their argument does not present his evidence fairly and fully.

In order to prevent the sale of alcoholic liquor not obtained from a Pennsylvania State Liquor Store, and the consequent loss of revenue to the Commonwealth, it is necessary that violations of the provisions of section 603 be visited with penalties which will effectually discourage their continuance.

We find no abuse of discretion in the order of the court below.

The order is affirmed at the costs of the appellant.