Commonwealth, Appellant, *v.* Speer et al.

Argued November 20, 1944. Before, KELLER, P. J., BALDRIGE, RHODES, HIRT, RENO and JAMES, JJ.

*William R. Toal,* First Assistant District Attorney, with him *C. William Kraft, Jr.,* District Attorney, for appellant.

*Thomas A. Curran,* for appellees.

OPINION BY RHODES, J., April 19, 1945:

Defendants were jointly indicted on June 6, 1944, on two counts charging (1) the fortifying, adulteration, or contamination of liquors, contrary to section 603 of the Liquor Control Act of November 29, 1933, P. L. 15, Sp. Sess., art. 6, as reenacted and amended, 47 PS §744—603; [1] and (2) the manufacture and blending of alcoholic liquor, in violation of section 3 of the Act of February 19, 1926, P. L. 16, as amended, 47 PS §123.

At the conclusion of the Commonwealth's case, defendants demurred to the evidence. The trial judge sustained the demurrer and discharged defendants. The Commonwealth has appealed. See *Com. v. Heller*, 147 Pa. Superior Ct. 68, 80, 24 A. 2d 460; *Com. v. Kerr*, 150 Pa. Superior Ct. 598, 601, 29 A. 2d 340. Argument has been confined to the first count of the indictment.

From the evidence presented by the Commonwealth it appears that defendants are licensees of the Pennsylvania Liquor Control Board, and are holders of a restaurant liquor license for premises in Upper Darby Township, Delaware County, where they conduct a business under the trade name of Speer's Cafe. On February 17, 1944, about 11:30 a. m., state and federal law enforcement officers called at defendants' establishment for the purpose of an inspection. The place was open for business at the time, and a bartender was on duty. Neither of the defendants was present, nor appeared while the officers were making their inspection.

The officers proceeded to test the contents of the

---

[1] "Section 603. Unlawful to Fortify, Adulterate, or Contaminate Liquor.—It shall be unlawful for any licensee, or any employe or agent of a licensee or of the board, to fortify, adulterate, or contaminate any liquor, except as permitted by the regulations of the board, or to refill, wholly or in part, with any liquid or substance, whatsoever, any bottle or other container bearing the official seal of the board."

opened bottles of whiskey behind the bar. Forty-two bottles were inspected, and bore the seal of the board. As a result of this examination thirty-six bottles, showing an apparent variance in proof with the labels on the bottles, were seized and removed by the officers to the Philadelphia Laboratory of the United States Treasury Department. Upon analysis it was found that thirty-three of the seized bottles contained liquor varying substantially from the authentic samples received from the respective distillers. The testimony was sufficient to show that the bottles had been refilled, wholly or in part, with other whiskey or other fluid such as water.

The court below in its opinion said: "We may concede that the evidence was sufficient to prove, prima facie, that the offense charged was committed either by these defendants, or one of them, or by their agents or employees. Even so, the evidence was not sufficient to sustain a conviction of the defendants, or either of them, unless they are to be held criminally liable for the illegal acts of each other, and of their agents and employes." The conclusion of the court below was reached by comparing the language of section 603 of the Act, 47 PS §744—603, with the language of section 602 (1), (3), 47 PS §744—602 (1), (3), which contains the following language: "It shall be unlawful for any person [within this Commonwealth], by himself, or by an employe or agent," etc. This language, in the opinion of the court, indicated that the legislature did not intend in section 603 to impose criminal responsibility upon licensees for the acts of their agents. In effect, the court below ruled that it was necessary for the Commonwealth to prove who actually adulterated the liquor in order to sustain any conviction under section 603. That may be true in order to convict an employee or agent of a licensee of a violation under that section, or an employee or agent of the board. But we are of the opinion that this is not true as to the licensee himself. The difficulty of proof of

the licensee's participation in or consent to a violation of section 602 is readily apparent; and such proof is not required.[2]

The liquor business is unlawful, and its conduct is only lawful to the extent and in the manner permitted by statute. *Com. v. Bienkowski,* 137 Pa. Superior Ct. 474, 479, 9 A. 2d 169. The purpose of the Act of November 29, 1933, P. L. 15, Sp. Sess., the enactment of which was the exercise of the police power of the Commonwealth, was, except as otherwise expressly provided, to prohibit transactions in liquor which take place in this Commonwealth. Section 3(c). This has been reiterated in the amendatory acts. See 47 PS §744—3(c); *Com. v. Bienkowski,* supra, 137 Pa. Superior Ct. 474, 480, 9 A. 2d 169.

Purchases of liquor are prohibited from sources other than Pennsylvania Liquor Stores, except in accordance with the provisions of the act or the regulations of the board; and it is unlawful for any person (with certain exceptions) "to have or keep any liquor within the Commonwealth, unless the package (except the decanter or other receptacle containing liquor for immediate consumption) in which the liquor is contained, while containing that liquor, bears the official seal of the board." Act of November 29, 1933, P. L. 15, Sp. Sess., as reenacted and amended, §602(3), (4), 47 PS §744—602(3), (4). The holder of a liquor license is restricted to the permission expressly granted by the act, which provides that the board, subject to the provisions of the act and regulations promulgated thereunder, "shall have authority to issue a liquor license for any premises kept or operated by a hotel, restaurant or club, and specified in the license, entitling the hotel, restaurant or club to purchase liquor from a Pennsylvania Liquor Store, and to keep on the premises such liquor, and subject to the

---

[2] See: Criminal Responsibility for the Acts of Another; Francis Bowes Sayre, 43 Harvard Law Review, 689, 722.

provisions of this act and the regulations made thereunder, to sell the same," etc. Act of November 29, 1933, P. L. 15, Sp. Sess., art. 4, §401, as reenacted and amended, 47 PS §744—401. Defendants were entitled as holders of a restaurant liquor license to purchase liquor from a Pennsylvania Liquor Store and to keep on the premises such liquor for sale. There is no provision for the possession of adulterated liquor by any licensee.

It is obvious that defendants would improperly profit by the sale of adulterated liquors; that the Commonwealth would be deprived of revenue as effectively as if liquor had been purchased from sources other than the Pennsylvania Liquor Stores; that by the sale of adulterated liquor a gross fraud would be practiced on the public.

The adulterated liquor was under the domination and in the possession of defendants and for sale by them. Consequently, we are of the opinion that the Commonwealth was not required to prove that they were present and participated in the violation with which they are charged, or that they expressly directed its commission by others. Such possession was prima facie evidence of knowledge of the illegal act (violation of section 603), and will impose liability unless rebutted.

The judgments of the court below are reversed; a procedendo is awarded, and the record is remitted.