## Green Gate Inn Liquor License Case.

Argued October 1, 1957. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ.

*Herman Steerman,* with him *Richard L. Hahn* and *William T. Steerman,* for appellant.

*Russell C. Wismer,* Special Assistant Attorney General, *Horace A. Segelbaum,* Deputy Attorney General, and *Thomas D. McBride,* Attorney General, for appellee.

OPINION BY GUNTHER, J., January 21, 1958:

This appeal is from the order of the Quarter Sessions of the Peace of Philadelphia County suspending the operation of appellant's restaurant liquor license for a period of twenty days for violation of the Pennsylvania Liquor Code, 47 P.S. section 4-493 (1).

The Pennsylvania Liquor Control Board issued a citation against Abraham Steerman, trading as Green Gate Inn at 700 South 12th Street in the city of Philadelphia. The citation charged the licensee, his serv-

ants, agents or employees with selling liquor or malt beverages to visibly intoxicated persons on or about October 12, 1956, and conducting the licensed premises in a noisy and disorderly manner on August 30, 1956 and October 12, 1956. A hearing was held before the liquor control board and appellant was found guilty on both counts. As a result thereof, an order was issued suspending the license for a period of thirty-five days. From this order, appellant took his appeal to the quarter sessions court. On June 26, 1957, a hearing *de novo* was held in which the court below dismissed the charge of conducting the establishment in a noisy and disorderly manner and sustained the charge of selling to visibly intoxicated persons.

The sole issue raised on this appeal is whether there was sufficient evidence produced to justify the finding that the appellant served malt beverages to visibly intoxicated persons. The testimony of the liquor control board was given by three police officers who were present about the premises on the evening the arrest was made. Two of the police officers testified that they were outside the licensed premises for about twenty minutes and looked through a triangular window in the door and observed two men and a girl who were visibly intoxicated when they were served beer. The officers testified that they entered the premises in a matter of minutes of the time the patrons were served. One person was observed as "glassy-eyed and he had a thick tongue." The other male patron was almost asleep beside a juke box. One of the waiters served beer to the girl patron who at the time had her head between her legs. When the officers entered the premises, the girl was unable to get up, mumbled, could not talk and had to be carried out. From the observations made, both from the outside and upon entering the premises, the police officers expressed the opinion that

all three patrons were visibly intoxicated. The third officer corroborated the testimony of the other two as to the condition of the patrons at the time of arrest. He did not see them served.

The testimony on behalf of the licensee was given by the manager-bartender and the bartender, who had been on duty about five minutes before the officers entered, to the effect that they did not see any intoxicated persons on the premises.

Appellant, in support of his contention that the evidence was insufficient to sustain the charge, advanced three reasons: that (a) the liquid served was not shown to be an intoxicating beverage, that (b) it was not proved that the recipients of the beverage served were visibly intoxicated at the time they were served, and (c) that the person who served the beverages was not proved to have knowledge of the visible intoxication.

An appeal from the decision of the Quarter Sessions Court is in the nature of a certiorari and we are required to review the record to determine whether there is evidence to support the order from which the appeal is taken. *Heights Fire Co. Liquor License Case,* 181 Superior Ct. 56, 121 A. 2d 902. Having reviewed the record, we are satisfied that the evidence sustains the order of the court below.

Section 493 (1) of the Pennsylvania Liquor Code provides, "It shall be unlawful—For any licensee, or the board, or any employe, servant, or agent . . . to sell, furnish or give any liquor or malt or brewed beverages . . . to any person visibly intoxicated . . . ." The only evidence in this record to show what was served to the patrons involved in the testimony of the police officers who testified that these patrons were served beer. There is nothing in this record which disputes the statement that beer was served and, therefore, the court below was justified in concluding that, under the

provision of the Liquor Code, supra, that malt or brewed beverage was served. There was no requirement to show, as appellant contends, that the beverage served was an intoxicating beverage. Moreover, it is common knowledge that beer, in sufficient quantity, is an intoxicating beverage. The only duty the liquor control board had was to show that the prohibited beverage, under the circumstances was sold, furnished or given. A chemical analysis is not required in order to prove such a fact. Cf. *Commonwealth v. Aikens,* 179 Pa. Superior Ct. 501, 118 A. 2d 205.

In view of the time element between the arrest and the beer served, it is not unreasonable to conclude that the patrons were visibly intoxicated *before* being served. Considering the physical appearance and the loss of locomotion of one of the patrons not more than five minutes from the time they were observed as being served and the time the police officers entered the premises, and considering the fact that the only evidence in the record shows the one serving of beer, the degree or visible intoxication occurred, without doubt, prior to the consumption of the malt beverage. Appellant does not dispute the fact that the officers were competent to testify on the question of intoxication.

Finally, it is contended that there was no testimony to show that the person serving these patrons knew or should have known of their visible intoxication. In *Commonwealth v. Gorodetsky,* 178 Pa. Superior Ct. 467, 115 A. 2d 760, we have stated the test in this regard as follows: "Whether or not criminal intent or guilty knowledge is a necessary ingredient of a statutory offense, therefore, is a matter of construction to be determined from the language of the statute and in view of the manifest purpose and design of the same." We construe the pertinent provision of Pennsylvania Liquor Code as *malum prohibitum* and, there-

fore, guilty knowledge of visible intoxication of the person served is not required.

The order of the court below is affirmed.