## Cork Club, Inc., Liquor License

*Stanley M. Greenberg,* for licensee.

*Russell C. Wismer,* for liquor control board.

SLOANE, J., August 18, 1958.—This is an appeal from an order of revocation entered by the Pennsylvania Liquor Control Board.

The Liquor Code of April 12, 1951, P. L. 90, 47 PS §4-493(12), requires the maintenance of books and records of operation on the premises and makes it unlawful "for any licensee, his servants, agents or employees, to refuse the board or an authorized employee of the board access thereto or the opportunity to make copies of the same when the request is made during business hours."

The board found that "the licensee, by its servants, agents or employees, refused Board Officers access to all records on the licensed premises, on September 18 and 19, 1957."

The refusal was not by the licensee but by the licensee's lawyer. His refusal was based on a refusal by the investigating agent of the board to reveal the name of an individual in connection with whose employment status the agent was demanding access to payroll rec-

ords. A short time later, the lawyer found or discovered the name and then he offered to submit the payroll records.

The licensee argues in this appeal that a refusal without statute-justification must be a refusal with a bad or wrong purpose. We do not think so. Given a proper time and an authorized board employe, access to a licensee's records must follow. This fiat is in accord with our public policy to control the liquor traffic in our Commonwealth. See Public Welfare Offenses, 33 Columbia Law Review 55. Intent, willfulness, these words with mens rea connotations, need not be prerequisites to unlawfulness in this respect. See Green Gate Inn Liquor Case, 185 Pa. Superior Ct. 214, 218; Commonwealth v. One 1927 Graham Truck, 165 Pa. Superior Ct. 1, 4; Janiro Liquor License Case, 163 Pa. Superior Ct. 398; Commonwealth v. Borek, 161 Pa. Superior Ct. 200.

"The liquor business is unlawful, and its conduct is only lawful to the extent and in the manner permitted by statute": Commonwealth v. Speer, 157 Pa. Superior Ct. 197, 200. See Commonwealth v. Jackson, 146 Pa. Superior Ct. 328, affirmed 345 Pa. 456. Cf. Morisette v. U. S., 342 U. S 246.

However, we think the lawyer acted honestly, though erroneously, as most of us may do at fallible times. He did offer the payroll records within two weeks of his refusal; for a different reason, I would gather from the testimony, but nevertheless, he offered them, and with his own understanding that no action had been taken either by the investigating agent or by the board. In this posture of the record, we think that his misguidance or illegality was cured by the subsequent offer, and especially so when we balance the refusal with the final action of revocation, rather than suspension. Accordingly, we reverse the order of revocation entered by the liquor control board.