## Secrist Liquor License Case.

74

Argued March 13, 1961. Before ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ. (RHODES, P. J., absent).

*John T. Miller,* with him *J. Richard Budding, Walter H. Compton,* and *Budding and Yost,* and *Compton, Ziegler & Hepford,* for appellant.

*George G. Lindsay,* Assistant Attorney General, with him *Horace A. Segelbaum,* Assistant Attorney General, and *Anne X. Alpern,* Attorney General, for Pennsylvania Liquor Control Board, appellee.

OPINION BY WOODSIDE, J., April 13, 1961:

This appeal is from an order of the Court of Quarter Sessions of York County affirming the order of the Liquor Control Board revoking the appellant's Restaurant Liquor License. The citation, issued by the Pennsylvania Liquor Control Board to John H. Secrist owner of the licensed premises known as Secrist's Cafe at 240-242 West Market Street, York, charged the appellant with selling to visibly intoxicated persons and minors, and maintaining the licensed establishment in an unsanitary condition.

A hearing was held before the Pennsylvania Liquor Control Board, which found that the evidence supported the allegations. Since this was the fifth violation of the licensee, it noted that a severe penalty was warranted, and revoked the appellant's license.

The appellant appealed from the order of the board to the Court of Quarter Sessions of York County. The court adopted the same findings of fact as the Liquor Control Board, and affirmed the revocation of appellant's liquor license.

The appellant's sole contention in this appeal is that there was insufficient competent evidence to support the findings of the court.

A careful review of the record satisfies us that the order of the court below was supported by sufficient competent evidence.

William Ruff testified that on April 21, 1958, being at that time 16 years of age, he entered Secrist's Cafe at about 8:30 o'clock in the evening, and, asking for a specific brand, purchased two bottles of beer. He further testified that he had purchased beer there on prior occasions, and that he was never questioned as to his age. The appellant contends that without a chemical analysis having been made of the beverage purchased by the minor, the evidence that it was an

alcoholic beverage is insufficient. The record discloses that the witness requested the beer by brand name and identified it as beer. A chemical analysis of the beverage is not required, and the evidence, if believed by the board and the court, was sufficient to support their finding that the beverage sold was a "malt or brewed beverage." See *Fumea Liquor License Case,* 186 Pa. Superior Ct. 609, 612, 142 A. 2d 326 (1958).

To support the allegations of serving liquor and/or malt and brewed beverages to intoxicated persons and of the unsanitary condition of the premises, the board offered the testimony of George V. Eichelberger, an enforcement officer with over ten years of service with the Pennsylvania Liquor Control Board. He testified that, accompanied by Paul Godsall another enforcement officer, he visited Secrist's Cafe on July 16, 17, 25 and 26. On each of these four occasions, he observed the bartender serving persons, who in his opinion, were visibly intoxicated.

On his first visit he observed one patron who in his opinion was visibly intoxicated being served by the bartender. After describing the physical appearance of the patron, he testified that the man who was served had "staggered" while walking from the bar to one of the tables. On his second visit, Officer Eichelberger observed two patrons, who were visibly intoxicated, being served. Both staggered and showed signs of intoxication. On his third visit he observed four intoxicated persons being served. All "staggered"; two had difficulty with their speech and one, a woman, was talking "loud and boisterously". On his fourth visit, two men who were served, staggered and one exclaimed in a loud voice, "Boy am I drunk!"

He also testified that on each of the above dates he visited the restroom at the cafe and found it to be in a "filthy condition." It was stipulated by counsel

that Paul Godsall would corroborate the testimony of George V. Eichelberger in every particular.

The appellant produced numerous witnesses to contradict the board's evidence. The testimony given by them, if believed, would have produced an opposite result by the court below.

On appeal it is the duty of this Court to determine whether the court below abused its discretion or committed an error of law. The matter of credibility of the witnesses is for that court to determine. We cannot here weigh the testimony given before the court below. An appeal from an order revoking a liquor license is in the nature of a certiorari, and this Court is required to review the record to determine whether the evidence supports the order of the lower court. *Green Gate Inn Liquor Case,* 185 Pa. Superior Ct. 214, 217, 138 A. 2d 292 (1958); *Golden Bar Inc. Liquor License Case,* 193 Pa. Superior Ct. 400, 402, 165 A. 2d 285 (1960).

This case, as stated by the court below, "is almost entirely one of fact." The court below, believing the witnesses of the Pennsylvania Liquor Control Board, was justified in adopting the findings of the board and affirming its revocation.

Order affirmed.