Hoffco Corporation Liquor License Case.

Argued March 20, 1962. Before RHODES, P. J., ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ.

*Marvin Allanoff,* for appellant.

*Russell C. Wismer,* Special Assistant Attorney General, with him *H. A. Segelbaum* and *George G. Lindsay,* Assistant Attorneys General, and *David Stahl,* Attorney General, for Pennsylvania Liquor Control Board, appellee.

OPINION BY FLOOD, J., April 12, 1962:

The liquor control board suspended the appellant's restaurant liquor license for a period of forty-five days upon a finding of three violations: (1) permitting solicitation for immoral purposes on December 16, 1959; (2) aiding and abetting or furthering an act of prostitution on February 15, 1960; and (3) refilling state store liquor bottles. The court below dismissed the appeal from this order.

As to the first violation Officer DiRuggerio testified that on December 16, 1959, he entered the establishment of the appellant at 1:30 p.m. When Winfred Fonday entered shortly thereafter the officer said to the bartender, "She looks pretty nice", and the bartender said that he would introduce him to her. The officer had a drink and fifteen minutes later the bar-

tender called her over, said to her that the officer was a friend of his and asked her to take care of him. She said that she would show him a good time for $25, went to a telephone in the rear of the taproom, and reserved a room in a nearby hotel. She and the officer went together to the hotel room and after she disrobed and accepted the $25, she was placed under arrest.

The argument that this evidence was insufficient because the bartender did not hear the solicitation, and therefore cannot be held to have permitted it, cannot prevail in view of the testimony that the bartender told the girl that the officer was his friend, and asked her to take care of him. There can be no doubt that the solicitation here was "permitted" as that word has been defined by us. *Glass Door Liquor License Case,* 193 Pa. Superior Ct. 416, 165 A. 2d 139 (1960).

As to the second violation, Officer Bowden testified that on February 15, 1960, he went into the premises at 10:30 in the morning and while having a beer started a conversation with the bartender. When he asked him where all the women were, the bartender said there weren't any there at the time but to come back about two o'clock in the afternoon. The officer left, returned at two o'clock, sat at the bar and had a beer. The bartender told him that "this girl" would be in the bar. Shortly afterwards a girl came in and sat down at the far end. The bartender then whispered to the girl and came back and told the officer to sit down beside her. The officer had previously told the bartender that he was looking for a good time. The officer then told the girl that he was looking for a good time. She said that she would show him a good time for whatever he thought it was worth. He asked the bartender where he could go and was told to go across to the Walnut Street Hotel and ask for Sam at the desk. He did so and then Sam asked him what he wanted, he said, "Call Frank at the bar." Sam called, handed the officer a

registration card and took him to a room. Within a few minutes thereafter the girl came to the room. He gave her $15 and when she started to undress the officer placed her under arrest.

Upon this evidence, the finding that "The licensee, by its servants, agents or employees while upon the licensed premises, aided and abetted in the appointment of, engagement for and furtherance of the act of prostitution and assignation, on February 15, 1960" was justified. The appellant argues that there is no evidence that the bartender aided and abetted the act of prostitution on that date. The argument is based chiefly upon the proposition that there is no evidence that the bartender knew that the girl was a prostitute. However, the board certainly was justified in drawing such an inference from the evidence we have summarized above.

The appellant further argues that the defense of entrapment is available to him. The defense of entrapment in Pennsylvania arises only when a law enforcement officer, by employing methods of persuasion or inducement which create a substantial risk that persons not otherwise ready to commit the criminal act will do so, actually induces such a person to commit the act. This rule requires, before the defense becomes available, (1) a defendant not disposed to commit the crime and also (2) police conduct likely to entrap the innocently disposed. Unless both elements are present the defense need not be submitted to the jury. *Commonwealth v. Conway*, 196 Pa. Superior Ct. 97, 173 A. 2d 776 (1961).

Whether or not the defense of entrapment is available in a noncriminal case such as the one before us, we need not decide. Certainly we cannot say that the lower court, under the evidence before it, was obliged to conclude that the bartender was not disposed to engage in the conduct charged, or that the police conduct

here was likely to entrap one who was innocently disposed. *Reiter Liquor License Case,* 173 Pa. Superior Ct. 552, 98 A. 2d 465 (1953).

The evidence also justified the finding that the appellant or its agents refilled State store liquor bottles. The enforcement officer testified that he seized twelve "empty" bottles of whiskey and turned them over to the chief chemist for the Pennsylvania Liquor Control Board. The chief chemist testified that he analyzed the contents and found that in all cases they were different from the whiskey called for by the label, and concluded that each bottle had been refilled with another brand of whiskey. The appellant's argument on this point relates entirely to credibility, a matter for the court below. On appeal to this Court, we are required only to review the record to determine whether there is evidence to support the order from which the appeal is taken. *Green Gate Inn Liquor License Case,* 185 Pa. Superior Ct. 214, 138 A. 2d 292 (1958). Having reviewed the record we are satisfied that the evidence sustains the order of the court below. *Martin's Grill, Inc. Liquor License Case,* 149 Pa. Superior Ct. 185, 27 A. 2d 293 (1942).

We conclude that the order of the court below was based upon sufficient evidence and must be affirmed.

Order affirmed.