## 400 Lounge, Incorporated Liquor License Case.

Argued June 11, 1964. Before ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ. (RHODES, P. J., absent).

*Thomas J. Shannon,* Assistant Attorney General, with him *I. Harry Checchio,* Special Assistant Attorney General, and *Walter E. Alessandroni,* Attorney General, for Pennsylvania Liquor Control Board, appellant.

*Charles Basch,* with him *I. Leonard Hoffman* and *Charles R. Weiner,* for appellee.

OPINION BY WATKINS, J., September 17, 1964:

This is an appeal by the Pennsylvania Liquor Control Board from a decision of the Court of Quarter Sessions of Philadelphia County reversing the action of the Board in suspending the license of the 400 Lounge, Inc., the appellee, for a ten-day period.

The 400 Lounge, Inc., is the holder of a restaurant liquor license for premises located at 1607 Pratt Street, Philadelphia. The Lounge was charged that its agents, servants or employees refilled State store liquor bottles. The testimony before the court was to the effect that an enforcement officer visited the establishment and after observing the labels and seals of the liquor bottles on the various racks and bars selected six bottles and turned them over to the State liquor board chemist for analysis. The chemist testified that the contents of the seized bottles were compared with authentic brand samples. Five of them were found to be perfect but in the case of the sixth bottle a variance in the solid content led him to the conclusion that it did not contain the brand whiskey called for by the label.

The licensed establishment employs thirteen persons, including ten bartenders, contains five large bars and an additional seating capacity for 275 patrons or a capacity of 600 customers. There is a minimum of 600 whiskey bottles openly stored on the shelves of the five bars. Approximately 1500 patrons are served during the course of a week. The Lounge has no prior record of any violations with the Liquor Control Board.

In the case of *Clover Bar, Inc. Liquor License Case,* 203 Pa. Superior Ct. 11, 198 A. 2d 366 (1964), this Court sustained a suspension as the result of a charge of adulteration in affirming the court below. In that case 21 bottles were seized and 15 were analyzed by federal and state chemists. Serious objection was made by counsel for the appellant in this case as to the method of analysis used by the Liquor Control Board and the Treasury Department of the United States government in that they made no effort to make comparison with the formula required by the distillery but only with samples of unopened bottles of similar whiskey.

The court below and this Court were disturbed by the comparison method used by the state and treasury

chemists and felt that the objections made had some merit. However, we adopted the practical solution of the problem suggested by President Judge SLOANE in his opinion for the court below : "By placing the results in tabular form, our inspection of the analyses-results alone indicates that the liquor in the bottles seized by the federal agents is remarkably similar in composition regardless of brand (Table II). This is also true of the analyses of the samples seized by the state agents. If bottles are supposed to contain brands A, B, and C, but analysis shows they all contain brand D, then it is evident that the bottles have been refilled or adulterated inasmuch as the contents do not conform to the label information. It is on this basis as well as the statements of the owner and the federal agents that we sustained the decision of the Liquor Control Board." See also : *Com. v. Speer,* 157 Pa. Superior Ct. 197, 42 A. 2d 94 (1945), where 33 bottles were found to be adulterated.

In the present case the practical approach of President Judge SLOANE couldn't be used and it seems patently unfair to hold this licensee for adulteration when only one bottle is involved and the analysis is only that made by the state chemist by comparison with an unopened bottle of the labelled whiskey and no comparison with the formula of the distillery. It was impossible under the circumstances in this case to find a pattern of refilled bottles.

This matter was brought before the court below de novo. There was no evidence that a servant had refilled the one bottle. There is a presumption that mere possession of adulterated liquor is prima facie evidence of knowledge of the illegal act and will impose liability unless rebutted. *Com. v. Koczwara,* 397 Pa. 575, 155 A. 2d 825 (1959). There is evidence of a variance in solid content in the one bottle but a contest as to whether this was the result of adulteration or an error

in formula. Judge KELLEY of the court below found as a fact that the Board by a preponderance of the evidence did not prove that the objectionable bottle was refilled by the licensee's employee. He said: "Where, under all the circumstances of this case, a considerable volume of liquor is used and possessed by the licensee, a large establishment of good reputation, and only one bottle differs in content from the formula called for by the particular brand name, and this deviation in formula could be due to error or mistake by the distillery, we believe the presumption normally arising from mere possession by the licensee to be overcome and we so find as a fact."

Order affirmed.