Reda Liquor License Case.

Argued March 19, 1965. Before ERVIN, P. J., WRIGHT, WATKINS, MONTGOMERY, JACOBS, and HOFFMAN, JJ. (FLOOD, J., absent).

*James Iannucci,* Special Assistant Attorney General, with him *Thomas J. Shannon,* Assistant Attorney General, and *Walter E. Alessandroni,* Attorney General, for Liquor Control Board, appellant.

*John J. Poserina, Jr.,* for appellee.

OPINION BY WATKINS, J., April 15, 1965:

This is an appeal by the Pennsylvania Liquor Control Board from an order of the Court of Quarter Sessions of Philadelphia County, revoking the suspension of a liquor license. The "Central Tavern", 23-25 South 19th Street, Philadelphia, Pennsylvania, was cited by the Board on the charge of refilling State store liquor bottles. The Board, after hearing, found as a fact that the bottles were refilled and suspended the license for ten days. On appeal, and after hearing de novo, the court below found as a fact that the bottles were not refilled. Hence this appeal by the Board.

The licensees are Martin Grims and his mother-in-law, Lillian Reda, trading as "Central Tavern". The

business has been in the family for 32 years and there never has been a prior citation. It is a large restaurant, catering to approximately 2000 patrons a week. There are nine employees. The evidence indicates that a liquor board agent seized five opened bottles of whiskey at random from a stock on the shelves of approximately five hundred bottles. He testified that he compared the contents of the seized bottles with the contents of similar brands of unopened whiskey. Three of the bottles seized passed all of the comparison tests; two of the bottles passed as to solids, total acids, or fixed acids but he testified there was a variance in the voluble acids, esters and percentage of natural color. He did not have available the true formula of the whiskey tested and he admitted that each batch of whiskey varies because of quality control and the blending processes of the manufacturer. The court below did not hold that the evidence of the chemist was not admissible for the purpose offered but the weight to be given to this evidence and the credibility of this witness were for the finder of fact, the court below. The finding of fact by the court below was diametrically opposed to the finding made by the Board and if supported by competent evidence the decision of the Board could be properly reversed. *Barbato Liquor License Case,* 188 Pa. Superior Ct. 548, 551, 149 A. 2d 539 (1959).

It is true that no hard and fast rule can be set in the examination of testimony such as appears in these cases. They are largely determined on their individual facts. In *Clover Bar, Inc. Liquor License Case,* 203 Pa. Superior Ct. 11, 198 A. 2d 366 (1964), the court below was disturbed by the method of comparison as used by the board's chemist and added the practical solution of finding a pattern in the opened bottles. When such a pattern disclosed similar characteristics in the contents of all bottles seized the case for refilling was

greatly strengthened and the court below affirmed the board. The instant case, on its facts is controlled by *400 Lounge, Inc. Liquor License Case*, 204 Pa. Superior Ct. 207, 203 A. 2d 362 (1964). The facts are almost identical. As in the instant case it was impossible to use the pattern theory on the unopened bottles. Only one bottle out of six seized was alleged to be imperfect in the *400 Lounge, Inc. Case*, supra; in the instant case two were alleged to be imperfect out of five seized. In the *Clover Bar, Inc. Case*, supra, fifteen bottles were analyzed so a pattern could be and was established.

The court below had only the evidence of the chemist as to the two bottles based on a comparison with unopened bottles of the same brand and had his reservation that each batch of whiskey will vary because of the quality control and blending processes. He also had before him the denial by the licensees that the two bottles had been refilled and the reputation of the licensees and their place of business to rebut the presumption raised by possession. *Commonwealth v. Koczwara*, 397 Pa. 575, 155 A. 2d 825 (1959). The weight of the evidence and the credibility of the witnesses were for the court below and his finding that the bottles were not refilled is supported by competent evidence. *400 Lounge, Inc.*, supra.

Order affirmed.