Opinion by
Wright, P. J.,
On November 18,1966, after hearing on Citation No. 400 for 1966, the Pennsylvania Liquor Control Board entered an order suspending for a period of fifteen days the restaurant liquor license issued to The Clubhouse, Incorporated, 1636-38 Wolf Street, in the City of Philadelphia. This order was based upon the following finding of fact: “The licensee, by its servants, agents or employes refilled State Store liquor bottles on December 7, 1965”. The licensee appealed to the Court of Quarter Sessions of Philadelphia County which entered an order, May 23, 1967, vacating the suspension. The Board has appealed to this court.
The history of the licensed premises includes a prior suspension. The suspension presently under consideration was based on the testimony of two of the Board’s enforcement examiners and its assistant chief chemist. In substance, this testimony established that the examiners removed six State Store liquor bottles from approximately forty open bottles on the bar in the licensed premises. Chemical analysis revealed that all six of *47 these bottles contained liquor other than that indicated on the label. There was no evidence presented to rebut the presumption that the licensee was responsible for refilling the bottles. The proprietor testified as follows: “Q. How do you explain the fact that this agent found six bottles which the chemist testified were altered or refilled . . . ? A. The only way I can see it is maybe the porter or maybe the bartender, when I wasn’t there. That is the only way I can say; since then, we have discharged both of them”.
In its brief order, without opinion, the court below cites 400 Lounge, Inc. Liquor License Case, 204 Pa. Superior Ct. 207, 203 A. 2d 362, and Reda Liquor License Case, 205 Pa. Superior Ct. 260, 209 A. 2d 32. In the 400 Lounge case, six of six hundred bottles were removed from the licensed premises. Analysis disclosed five bottles to be perfect. There was a slight variation in the solid content of the sixth bottle. We affirmed a finding by the court below that the Board had not made out a case. In Reda Liquor License Case, five bottles were removed from a stock of approximately five hundred bottles. Three of the bottles passed all of the comparison tests. Two of the bottles passed as to solids and fixed acids, but there was a minor variance in the voluble acids and percentage of natural color. Pointing out that each case must be determined on its individual facts, we again affirmed a finding by the court below that the Board had not made out a case. The case at bar presents an entirely different factual situation. It is our view that the instant record fully supports the Board’s action.
The order of the court below is reversed, and the order of the Board is reinstated.