## Fisher, et al. *v.* Liquor Control Board.

Argued November 8, 1971, before Judges WILKIN-SON, JR., MENCER and ROGERS, sitting as a panel of three.

*John J. Krafsig, Jr.,* for appellant.

*Alexander J. Jaffurs,* Assistant Attorney General, with him *J. Leonard Lagan,* Assistant Attorney General, and *J. Shane Creamer,* Attorney General, for appellee.

OPINION BY JUDGE ROGERS, December 13, 1971:

This is an appeal from the order of the Court of Common Pleas of Dauphin County, which, after hearing, sustained the findings and conclusions of the State Liquor Control Board which had ordered suspension of

Oscar R. Fisher's importing distributor license for a period of 20 days.

One David Canning, a minor seventeen years of age, purchased a case of Schmidt's beer from the appellant. In proof of his majority, Canning exhibited a United States Army Reserve Identification Card indicating that the bearer of the card would have been twenty-one years of age at the time of the purchase. Canning had found the card on a street corner in Steelton, Pennsylvania.

Appellant was found to have violated Section 493 (1) of the Liquor Code, Act of April 12, 1951, P. L. 90, Article IV, as amended, 47 P.S. §4-493 (1), making it illegal for a licensee "to sell, furnish or give any liquor or malt or brewed beverages . . . to any minor. . . ." Also involved in this case is Section 495 of the Code, subsections (a) and (b) of the Liquor Code, *supra*, 47 P.S. §4-495 which pertinently provide:

"(a) The board shall issue to any person who shall have attained the age of twenty-one years, an identification card bearing said person's date of birth, physical description, photograph, signature, and such other information, as the board by regulation may determine, attesting to the age of the applicant, upon application thereof.

"(b) Such identification card shall be presented by the holder thereof upon request of . . . any licensee, for the purpose of aiding such . . . licensee . . . to determine whether or not such person is twenty-one years of age and upwards, when such person desires alcoholic beverage at a . . . licensed establishment."

Further, Section 495 (c) requires the licensee to procure from a customer whose age may be in question a signed statement of his majority, which by Section 495 (e) ". . . may be offered as a defense in all civil and criminal prosecutions for serving a minor, and no

penalty shall be imposed if the Liquor Control Board or the courts are satisfied that the licensee . . . acted in good faith."

Appellant contends, first, that his demurrer to the evidence produced at the trial in the court below should have been sustained. He argues that the Commonwealth failed to prove that the beverage sold to Canning was a malt or brewed beverage, although Canning testified that he bought Schmidt's beer. *Secrist Liquor License Case*, 195 Pa. Superior Ct. 73, 169 A. 2d 314 (1961), is controlling. There Judge WOODSIDE said: "The appellant contends that without a chemical analysis having been made of the beverage purchased by the minor, the evidence that it was an alcoholic beverage is insufficient. The record disclosed that the witness requested the beer by brand name and identified it as beer. A chemical analysis of the beverage is not required, and the evidence, if believed by the board, and the court, was sufficient to support their finding that the beverage sold was a 'malt or brewed beverage'." (195 Pa. Superior Ct. 73, 75, 76, 169 A. 2d 314, 315)

The appellant further contends that he was denied due process by the lower court's holding that the identification card provided by the Pennsylvania Liquor Control Board is the only means of identification on which a licensee may rely to exonerate himself from criminal prosecution.

In *Clem's Cafe Liquor License Case*, 425 Pa. 94, 227 A. 2d 49 (1967), the Supreme Court held that the only defense available to a licensee who sells alcoholic beverages to a minor is that provided by Section 495 of the Liquor Code, *supra*, the production of the signed statement of the possessor of an identification card issued by the Liquor Control Board.

Appellant concedes the authority of *Clem's Cafe Liquor License Case, supra.* He desires us to reexam-

ine the constitutionality of the Liquor Code's imposition of the penalty of license suspension irrespective of any intent to violate the law. This was fully treated in the *Clem's* case. Not only are we constrained by the holding of the Supreme Court, we support the Legislature's power, for the protection of all the people, to punish violation of the police regulation here involved without regard to the question of guilty knowledge.

Finally, appellant urges us to reverse the court below because the *Board* heard and considered appellant's record of citations and suspensions prior to taking evidence on the question of guilt. While a record of previous violations may not be employed to determine guilt, either the Board or a court may consider a licensee's record for the purposes of fixing the penalty for the new violation. *Turner v. Pennsylvania Liquor Control Board,* 161 Pa. Superior Ct. 16, 53 A. 2d 849 (1947). The licensee's appeal from the Board is heard de novo by the court. *Pacewicz Liquor License Case,* 152 Pa. Superior Ct. 123, 31 A. 2d 361 (1943). The court below did not hear or consider appellant's prior violations before determining guilt. Whether the Board heard such evidence in improper order is thus immaterial.

We find no error or abuse of discretion by the court below and ample evidence in support of its order.

Order affirmed at appellant's cost.