## Commonwealth v. Testa

*Sherman K. Levine,* for defendants.

*W. Thomas Andrews,* District Attorney, for Commonwealth.

HENDERSON, P. J., August 15, 1972.—The matter presently before the court is a motion for a new trial and motion in arrest of judgment filed by each of the defendants following their convictions by a jury at each of the above-numbered cases, which had been consolidated for trial.

Defendant Testa was charged and convicted of violation of the Uniform Firearms Act, burglary, larceny and receiving stolen goods and possession of burglary tools. Defendant Washington was charged and convicted of each of the above crimes except the violation of the Uniform Firearms Act.

At trial, the testimony of defendants admitted the commission of the acts charged and set up the affirmative defense of entrapment.

In these cases, defendants were driven by a person, whom they identified as Michael Gisondi, to the rural, somewhat isolated home of Dr. and Mrs. Painter in Lawrence County, Pa. The testimony of all parties, including defendants, showed that they arrived at this home in a pick-up truck, that the two defendants got out of the truck, went around the side of the house, broke open a window, defendant Testa entered the home through the broken window, defendant Washington returned to the front door of the home and defendant Testa was proceeding to the front door to admit defendant Washington when he was surprised in the home by several Pennsylvania State Policemen who subdued him after an exchange of gunfire and who arrested defendant Washington outside the front door of the home. The driver of the pick-up truck had left the scene and was not arrested.

There is no question but that the Pennsylvania State Police had knowledge prior to the event that the house would be broken into. Prior to trial and during the trial of the Commonwealth portion of the

case, the prosecuting officers refused to reveal the identity of their informant. Defendants refused to identify the driver of the pick-up truck prior to trial, but did identify him during the defense portion of the case.

At trial, defendants were permitted to produce any and all evidence on the question of entrapment and no complaint is made as to the charge of the court with reference to the defense of entrapment.

With regard to the defense of entrapment, we find the following language in Commonwealth v. Conway, 196 Pa. Superior Ct. 97, 103, 173 A. 2d 776, 779 (1961):

"The defense of entrapment in Pennsylvania, as derived from our cases in the light of the other authorities just mentioned, arises only when a law enforcement officer, by employing methods of persuasion or inducement which create a substantial risk that persons not otherwise ready to commit the criminal act will do so, actually induces such a person to commit the act.

"This rule requires, before the defense becomes available, (1) a defendant not disposed to commit the crime, and also (2) police conduct likely to entrap the innocently disposed. Unless both elements are present, the defense need not be submitted to the jury."

See also Hoffco Corp. Liquor License Case, 198 Pa. Superior Ct. 1, 180 A. 2d 270 (1962).

Our cases further hold that the person alleged to have done the persuading or inducing need not be an actual law enforcement officer but may be anyone acting on behalf of, at the direction of, or in conjunction with a law enforcement officer.

Both elements identified above must be present before an entrapment defense is made out.

The main thrust of defendants' motions go to the

nondisclosure of the identity of the alleged informant, which issue, under close analysis, becomes relevant only as to the second element of entrapment. That is to say, if defendants in the case at bar were disposed to commit the crimes for which they have been tried, or if the evidence does not show that they were indisposed to commit the crime, then an entrapment defense has not been made out, whether or not the link between themselves and the police was established via an informer.

If we assume, as defendants allege, that Michael Gisondi in fact was the unidentified informant and further assume, as defendants would hope to prove, that Michael Gisondi, in all matters relating to these incidents, was acting as an agent for the law enforcement authorities, nevertheless it appears to the court that no entrapment defense has been made out and it now appears that such defense should not have been given to the jury for its consideration. From defendants' own testimony and the entire defense in the case, we cannot find evidence that anyone, including Michael Gisondi, employed methods of persuasion or inducement so as to create a substantial risk that persons not otherwise disposed to commit a criminal act would do so, or that anyone, including Michael Gisondi, actually induced such a person to commit these acts. A close reading of the testimony, in a light most favorable to defendants' position on this question, merely indicates that Michael Gisondi, alleging the personal need for money, requested defendants to burglarize this property. On one or two occasions they expressed a lack of interest; whereupon, Gisondi, by telephone, again requested that they burglarize these premises and advised them of a place in Lawrence County where he would meet them the following morning. On the following morning,

they drove to Lawrence County for the express purpose of meeting with him and burglarizing the premises in question. This evidence came from defendants themselves and, therefore, must be assumed to be the strongest entrapment evidence which they could present in this case. We find no evidence here to indicate that they were persons not disposed to commit this crime and no evidence that anyone, including Michael Gisondi, employed methods of persuasion or inducement which would create a risk that persons not disposed to commit this crime would do so, and actually did induce defendants to commit it.

If we assume that Michael Gisondi acted as a law enforcement agent in this matter, the most we can discover from the evidence is that he provided defendants with an opportunity to attempt a commission of these crimes. Such action does not amount to entrapment and is recognized by our courts as lawful police activity.

As the court said in Commonwealth v. Conway, supra:

"To put it the other way, does the evidence show no more than conduct by the agent which afforded opportunities or facilities for the commission of the offense and was no more than an artifice or stratagem to catch one engaged in a criminal enterprise? If the latter is the case, there is nothing to submit to the jury. . . ." See also Commonwealth v. Burke, 220 Pa. Superior Ct. 122, 286 A. 2d 378 (1971).

Even though the court concludes at this point, after a full reading of the record at trial, that no complete issue of entrapment was presented and that the entrapment defense should not have been submitted to the jury, nevertheless the court did submit such issue to the jury and the issue was fairly determined by them.

Since identification of Michael Gisondi as the in-

formant, or the identification of any other informant, could not have resulted in defendants themselves producing stronger evidence that they were persons not disposed to commit this crime or that methods were employed which created a substantial risk that persons not disposed to commit the crime would do so and did do so, we, therefore, hold that no prejudice resulted to defendants from the withholding of the informer's indentity.

The main thrust of defendants' position in these motions is based on Roviaro v. U.S., 353 U.S. 53, 1 L. Ed. 2d 639, 77 S. Ct. 623 (1957); Commonwealth v. Carter, 208 Pa. Superior Ct. 245, 222 A. 2d 475 (1966); and Commonwealth v. Carter, 427 Pa. 53, 233 A. 2d 284 (1967). The Pennsylvania Supreme Court in the Carter case said, in quoting the rule of the Roviaro case:

" 'We believe that no fixed rule with respect to disclosure is justifiable. The problem is one that calls for balancing the public interest in protecting the flow of information against the individual's right to prepare his defense. Whether a proper balance renders non-disclosure erroneous must depend on the particular circumstances of each case, taking into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors.' "

Even though we have held that nondisclosure did not result in prejudice to defendants, we would also hold that under the particular circumstances of this case, taking into consideration all relevant factors, a proper balance does not require disclosure of the informant's identity. It is interesting to note that all recent Pennsylvania cases on the disclosure issue, as well as Roviaro, dealt with the situation in which the informer was the only material witness to an alleged

narcotics transaction other than the police and the accused. The question of identity of defendant in each case was critical. See also Commonwealth v. Lloyd, 427 Pa. 261, 234 A. 2d 423 (1967). The question of the identity of defendants is not an issue in the case at bar.

We would also note from Judge Spaulding's dissenting opinion in Commonwealth v. Williams, 219 Pa. Superior Ct. 304, 279 A. 2d 303 (1971), that the Pennsylvania Superior Court did not concur in the position which defendant takes in the case at bar on this issue.

## ORDER OF COURT

Now, August 15, 1972, defendants' motion for a new trial and motion in arrest of judgment are each hereby refused, and the district attorney is directed to schedule these cases for sentencing.