Roosevelt Democratic Club of the 35th Ward of Philadelphia, Appellant, *v.* Commonwealth of Pennsylvania, Pennsylvania Liquor Control Board, Appellee. (Second Case)

Argued October 11, 1974, before Judges MENCER, ROGERS and BLATT, sitting as a panel of three.

 

*Leo H. Loffel,* for appellant.

*J. Leonard Langan,* Assistant Attorney General, with him *Harry Bowytz,* Chief Counsel, and *Israel Packel,* Attorney General, for appellee.

OPINION BY JUDGE MENCER, November 14, 1974:

This appeal is from a January 23, 1974 order of the Court of Common Pleas of Philadelphia County affirming the August 13, 1973 order of the Pennsylvania Liquor Control Board (Board) revoking the club liquor license of the Democratic Club of the 35th Ward of Philadelphia (appellant). On February 6, 1973, the Board issued a citation to the appellant to show cause why its club liquor license No. C-3226 should not be revoked and the bond forfeited.

A hearing was held before the Board which found that the evidence established that the appellant had violated the laws of the Commonwealth and/or the regulations of the Board. Since this was the sixth citation issued against the appellant, the Board noted that a severe penalty was warranted and, on August 13, 1973, revoked the appellant's license, effective September 5, 1973.

The appellant appealed from this order of the Board to the Court of Common Pleas of Philadelphia County. The Court held a de novo hearing and affirmed the revocation of appellant's club liquor license after making the following findings of fact: "[O]n January 11, 1973 the appellant by its servants, agents or employes sold liquor and/or malt or brewed beverages on the licensed premises to nonmembers. It is also clear and we find as a fact that on that same date, namely January 11, 1973, the appellant by his servants, agents or employes sold liquor or brewed beverages between the hours of

three o'clock ante meridian and seven o'clock ante meridian."

The appellant contends in this appeal that there is insufficient competent evidence to support the findings of the lower court. After a careful review of the record, we must disagree simply because the record convinces us that the order of the lower court is supported by sufficient competent evidence.

An enforcement officer of the Board testified that, on the date in question, he was admitted to the appellant's club, although not a member of the club, and served drinks, some of which were ordered and served after the legal closing time.

On appeal it is the duty of this Court to determine whether the court below abused its discretion or committed an error of law. The matter of credibility of the witnesses is for that court to determine. We cannot here weigh the testimony given before the court below. An appeal from an order revoking a liquor license is in the nature of a certiorari, and this Court is required to review the record to determine whether the evidence supports the order of the lower court. *See Secrist Liquor License Case*, 195 Pa. Superior Ct. 73, 169 A. 2d 314 (1961).

This case is primarily one of fact. The court below, believing the witnesses of the Board, was justified in affirming the revocation of the Board.[1]

---

[1] Appellant does not contend that the facts as found by the lower court do not violate Section 406(a) of the Liquor Code, Act of April 12, 1951, P. L. 90, *as amended*, 47 P.S. §4-406(a) which contains the following provisions:

"No club licensee nor its officers, servants, agents or employes, other than one holding a catering license, shall sell any liquor or malt or brewed beverages to any person except a member of the club. . . .

. . . .

". . . No club licensee or its servants, agents or employes may sell liquor or malt or brewed beverages between the hours of three o'clock antemeridian and seven o'clock antemeridian on any day."

Appellant asserts in this appeal that the lower court erred in rendering a decision in this case in violation of a stipulation agreement. The alleged stipulation supposedly provided that the lower court would await the "outcome" of another appeal before another judge of the court below before deciding the case which is the subject of this appeal. This assertion is without merit since the alleged stipulation is not of record and, at most, it was a suggestion to the lower court with no indication of record whether the suggestion resulted in a definite agreement or a unilateral understanding only. Further, appellant has failed to persuade us that it was in any way prejudiced by the lower court's deciding this case prior to the decision in the other pending appeal. Even if we could conclude that there was error in this regard, we are satisfied that it would be, on this record, harmless error.

Order affirmed.