Commonwealth of Pennsylvania, Pennsylvania Liquor Control Board, Appellant *v.* Argonne Tavern, Inc., Appellee.

Argued May 6, 1977, before Judges KRAMER, MENCER and ROGERS, sitting as a panel of three.

*J. Leonard Langan,* Assistant Attorney General, with him *Harry Bowytz,* Chief Counsel, and *Robert P. Kane,* Attorney General, for appellant.

*Charles F. Wade,* with him *Thomas R. Ceraso,* for appellee.

OPINION BY JUDGE ROGERS, June 1, 1977:

The Court of Common Pleas of Westmoreland County reversed an order of the Liquor Control Board suspending the restaurant liquor license of Argonne Tavern, Inc. for thirty days. Argonne was cited and suspended for violating Section 491(10) of the Liquor Code[1] which forbids licensees "to fortify, adulterate or contaminate any liquor . . . or to refill wholly or in part, with any liquid or substance whatsoever, any liquor bottle or other liquor container." On the Board's appeal we remanded the record for findings

---

[1] Act of April 12, 1951, P.L. 90, *as amended,* 47 P.S. §4-491(10).

of fact and conclusions of law as to whether the licensee, which the Board found to be in possession of five liquor bottles containing liquor other than the brands indicated by their labels, rebutted the presumption that "mere possession of adulterated liquor is prima facie evidence of knowledge of the illegal act." *Pennsylvania Liquor Control Board v. Argonne Tavern, Inc.*, 25 Pa. Commonwealth Ct. 286, 287-88, 361 A.2d 480, 481 (1976). *See Commonwealth v. Koczwara,* 397 Pa. 575, 155 A.2d 825 (1959); *400 Lounge, Incorporated Liquor License Case,* 204 Pa. Superior Ct. 207, 203 A.2d 362 (1964). The court below found that Argonne's owner did not refill any bottles and that the presumption had been rebutted by (1) the testimony of the owner that he was the only employe on duty on the day the offense was alleged to have occurred and he did not refill any liquor bottles; and (2) the admission by the Commonwealth that distillery formulae were not used to determine whether five bottles contained the brand of liquor stated on the labels. The court relied on *400 Lounge, supra.*

In *400 Lounge,* the licensed establishment employed 13 persons, including 10 bartenders, contained five bars and had capacity for 600 patrons. The licensee there had no prior record of violations. Of the six bottles tested only one, when tested against a single control bottle, was found to contain liquor with characteristics so different from that of its labeled brand that refilling was indicated. The Superior Court ruled that those circumstances and the fact that the state chemist analyzed the deviant bottle only by comparison with one unopened bottle overcame the presumption. The facts of the present case are much different. Argonne's owner testified in the court hearing that only he and his wife worked for Argonne. Argonne has been cited for Sunday sales, sales between the hours of 2:00 A.M. and 7:00 A.M., maintain-

ing gambling devices, permitting gambling and permitting lewd and obscene films. The state chemist who performed the tests on the bottles testified in some detail that the State keeps a continuously updated record of the content and characteristics of authentic samples of various liquor brands obtained from bottles from State warehouses and that the contents of all of Argonne's five bottles tested were compared against those records and found to deviate. Here one of Argonne's bottles was compared against 11 control bottles and another was compared against 25 control bottles.

Argonne offered no evidence except its owner's testimony that he was the only person working in the bar when the offense was allegedly committed and that he had not refilled any bottles that day. We hold that this evidence was insufficient to rebut the presumption based on possession that the licensee knew of the violation of the statute. *Commonwealth v. Speer,* 157 Pa. Superior Ct. 197, 42 A.2d 94 (1945).

### ORDER

AND Now, this 1st day of June, 1977, the order of the Court of Common Pleas of Westmoreland County sustaining the licensee's appeal is reversed and the order of the Pennsylvania Liquor Control Board suspending Argonne's license for thirty days is reinstated.