# In The Matter of Revocation of Restaurant Liquor License Etc. Station Tavern, Inc., Appellant.

Submitted on briefs December 15, 1982, before Judges ROGERS, CRAIG and MACPHAIL, sitting as a panel of three.

510

*Francis J. Sullivan, Jackson, Sullivan & Beckert,* for appellant.

*Gary G. DiVito,* Assistant Counsel, with him *J. Leonard Langan,* Chief Counsel, for appellee, Pennsylvania Liquor Control Board.

OPINION BY JUDGE CRAIG, February 1, 1983:

Station Tavern, Inc. (licensee) appeals from an order of the Court of Common Pleas of Bucks County, which affirmed an order of the Pennsylvania Liquor Control Board (PLCB) imposing a seven day suspension of the licensee's retail liquor license. The PLCB had ordered the suspension for violation of Section 493(1) of the Liquor Code, Act of April 12, 1951, P.L. 90, *as amended,* 47 P.S. §4-493(1), by selling "liquor or malt or brewed beverages" to minors and for violation of Section 493(14) of the Code, 47 P.S. §4-493 (14) by permitting minors to frequent the licensed premises.

The licensee admits the violations immediately involved but argues that the PLCB erroneously based the suspension, in part, upon two earlier violations presented in evidence at the Board hearing, which had occurred when the licensee held another retail liquor license. Section 471 of the Code, 47 P.S. §4-471, *requires* the PLCB to impose a suspension or revocation

if the violation is a third or subsequent violation occurring within a period of four years. The same section *permits* the PLCB, in its discretion, to impose a penalty of suspension, revocation or fine for any other violation. Consideration of the earlier violation, the licensee contends, deprived the PLCB of its discretion in the determination of the present penalty. The licensee also argues that the trial court erred as a matter of law by failing to remand the case to the PLCB for determination of the penalty without consideration of the earlier violations.

Following our scope of review here,[1] we cannot agree with either of the licensee's arguments and must affirm.

We need not decide whether or not the two earlier violations must be ignored in the determination of the present penalty.[2] Despite the licensee's rather bald declaration to the contrary, the record does not indicate that this evidence was a basis for the seven-day suspension. The PLCB's specific findings were confined to the violations which occurred on October 31, 1980. Nowhere did the PLCB's opinion or order refer to either the earlier violations or the mandatory suspension/revocation provision of Section 471, 47 P.S. §4-471.

---

[1] We are "limited to determining whether or not there is substantial evidence in the record to support [the] findings and whether or not the trial court abused its discretion or committed an error of law." *Appeal of Duras*, 65 Pa. Commonwealth Ct. 456, 458, 442 A.2d 859, 861 (1982).

[2] The legal relevance of earlier violations by a licensee under a different license is a point which we have not yet resolved. *See* *Fisher v. Pennsylvania Liquor Control Bd.*, 3 Pa. Commonwealth Ct. 586, 590, 284 A.2d 522, 524 (1971), where this court stated:

While a record of previous violations may not be employed to determine guilt, either the Board or a court may consider a *licensee's* record for the purpose of fixing the penalty for a new violation (emphasis added).

512

Accordingly, we must reject the licensee's contention that the trial court should have remanded the case to the PLCB for reconsideration of the penalty, and we affirm the court's order.

ORDER

Now, February 1, 1983, the order of the Court of Common Pleas of Bucks County, dated October 23, 1981 is affirmed.