A & B Electrical Contracting Co., Inc., Appellant, *v.* Commonwealth of Pennsylvania, Department of Labor and Industry, Appellee.

Argued February 5, 1974, before President Judge BOWMAN and Judges KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT. Judge CRUMLISH, JR., did not participate.

*William J. Brickley,* with him *Brickley, Frank & Kerwick,* for appellant.

*David L. Kurtz,* Deputy Attorney General, with him *Israel Packel,* Attorney General, for appellee.

OPINION BY JUDGE ROGERS, May 3, 1974:

This is an appeal by an employer from a decision of the Pennsylvania Prevailing Wage Appeals Board (board) affirming a final determination of the Secretary of Labor and Industry (secretary) directing the employer to pay certain employees a total of $10,357.35

in wages allegedly wrongfully withheld and barring the employer from future public work for a period of three years.

Under the Pennsylvania Prevailing Wage Act of August 15, 1961, P.L. 987, as amended, 43 P.S. §165-1, et seq., successful bidders on public works are required to pay generally prevailing minimum wage rates as determined by the secretary. A. & B. Electrical Contracting Co., Inc. (employer) was awarded a contract to do the electrical work for a new school facility in Philadelphia, a project subject to the Act.

The secretary issued a prevailing minimum wage predetermination for the project,[1] fixing the starting rates of pay for electricians at $7.275 per hour and for apprentice electricians at $2.56 per hour. Shortly after the project was completed the employer received a letter from an Assistant Attorney General representing the Department of Labor and Industry, notifying it that an investigation and audit of its records "alleged that the prevailing minimum wages . . . have not been paid to the following workmen [naming them] who worked as electricians on the above-mentioned project since they were not registered as apprentices." The Department also sent a formal notice "that a hearing will be held for the purpose of receiving testimony that the general prevailing minimum wage rates predetermined by the Secretary of Labor and Industry have not been paid on the captioned project." An examiner for the Department conducted an evidentiary hearing, at which evidence was received not only as to the registration status and the wages paid to the employees identified in the notice of hearing, but also as to the failure of

---

[1] The appellant contended that this was not a predetermination because made after the contract was awarded. We do not decide this or certain other legal issues raised by the appellant because it is unnecessary to do so.

the employer to post prevailing wages at the job site, his employment of a higher ratio of apprentices to journeymen than regulations allowed and his employment of a laborer in the performance of work which should have been performed by an electrician. The examiner found the employer in violation of the Pennsylvania Prevailing Wage Act and regulations of the Department in (1) failing to post, (2) employing unregistered apprentices, (3) employing apprentices out of proportion to journeymen, and (4) paying a workman laborer's wages for doing an electrician's work. The examiner's report concludes: "Upon reviewing the entire record presented in this proceeding . . . it is the recommendation of the Hearing Examiner that A. & B. Electrical Contracting Company, Inc., be found an intentional violator of the Prevailing Wage Act and should be barred from any future public work for three years." The secretary concurred and adopted the findings and recommendations of the examiner.

The employer appealed to the Prevailing Wage Appeals Board established by Section 2.2 of the Pennsylvania Prevailing Wage Act, 43 P.S. §165-2.2. After argument, the board found the secretary's determination to be supported by substantial evidence and affirmed it. The Appeals Board specifically approved the examiner's findings that the employer used a person paid as a laborer to do an electrician's job and employed a higher ratio of apprentices to journeymen than regulations allowed.

We have concluded that the appellant was denied due process. The notices given to the appellant of the examiner's hearing are confined to the matter of his alleged employment of unregistered apprentice electricians. It was not notified that it faced charges of violation of regulations pertaining to the posting of rates or to the employment of an improper ratio of apprentices to journeymen or to the employment of a laborer to do

an electrician's work. Judge KRAMER, for our court, reviewed the law on this aspect of the case in *Pittsburgh Press Employment Advertisement Discrimination Appeal,* 4 Pa. Commonwealth Ct. 448, 457, 287 A.2d 161, 166 (1972) and summarized that: "A reading of many of these cases confirms our understanding that due process of law is afforded when (1) the 'accused' is informed with reasonable certainty of the nature of the accusation lodged against him, (2) he has timely notice and opportunity to answer these charges and to defend against attempted proof of such accusation, and (3) the proceedings are conducted in a fair and impartial manner." The appellant was given no notice of the charges of failure to post, the employment of an improper ratio of apprentices or of the employment of a laborer in an electrician's capacity; it therefore had no opportunity to answer or fair opportunity to defend against the Department's proofs. The examiner's finding that the employer was guilty of these violations obviously had relevance to and no doubt effect upon his conclusion, accepted by the secretary, that the employer's failure to observe the Act's requirements was intentional, a necessary ingredient to the three years suspension provided by Section 11(e) of the law, 43 P.S. §165-11(e).

There remains the question of what should be done by us with the secretary's order as it relates to the declared obligation of the employer to pay certain employes money allegedly wrongfully withheld. The notice of charges names as unregistered apprentices the following:

Thomas Haines
Mitchell S. Wartenberg
George Rudy
Martin Rothstein
Thomas Jones

Thomas Haines was not included in the order as a proposed recipient of back pay because the evidence established that he was in fact registered with the Pennsylvania Apprenticeship and Training Council.[2]

The undisputed evidence was that registration with the State Council was affected upon the receipt by the Council of notice of registration from the Federal Department of Labor. It is also clear that workmen are customarily placed on the payroll as apprentices upon acceptance by the employer, pending registration which might take some considerable time.

Of the four persons remaining after the elimination of Thomas Haines, the names of two, George Rudy and Martin Rothstein were submitted by the employer for registration to the Federal Department of Labor. The Federal authorities did not register them or forward the names to the State Council because according to its field representative Rudy's apprenticeship agreement was not properly signed and because proof of prior experience was not submitted by or for Rothstein. There is no evidence that if the matter of the deficiencies in the attempted registration had been pursued by the Federal authorities both Federal and State registration would not have been accomplished.

The remaining names are Mitchell S. Wartenberg and Thomas Jones. Jones was in fact registered with the Federal authorities and had at one time been registered with the State but according to a Council memorandum, hereinafter mentioned, his registration had been cancelled. Hence, of the five persons named in the charges only Wartenberg's name seems not to have been submitted at some time to the United States

---

[2] The secretary's order directs the employer to pay varying amounts to six persons not identified in the notice of charges, including $5988.82 ordered to be paid to the alleged electrician paid as a laborer.

Department of Labor. The employer explained this on the ground that Wartenberg worked only five weeks and failed in this time to supply the employer with his past experience rating necessary to filing.

An overriding problem with the Department's case in this aspect of the matter is its failure to produce competent evidence of the lack of registration of any of the persons named. Its proof consisted of the reading into the record, over objection, by the Department's Chief of the Prevailing Wage Division of a memorandum supplied him by an Administrative Assistant in the Apprenticeship and Training Division of the Department. This memorandum was pure hearsay and therefore inadmissible. It was also of extremely doubtful accuracy. The same Administrative Assistant supplied just such a list for an interested labor union on about December 17, 1971. This was corrected by a new list prepared for the union on January 18, 1972. The memorandum read into the record prepared May 12, 1972 contains fourteen names. The information given on this last list is different from that on the list of January 18, 1972 with respect to four of the fourteen.

For these reasons we have concluded that the following is the only proper:

### ORDER

AND NOW, this 3rd day of May, 1974, the appeal herein is sustained and it is ordered that the secretary's order made July 12, 1972 be and the same hereby is set aside.

ON PETITION FOR REARGUMENT:

The appellee has filed a petition for reargument of our order sustaining appellant's appeal or, in the alternative, for clarification of our opinion. The only reason advanced for either action is the alleged belief on the part of some persons, that a sentence in our

opinion referring specifically to the record implies that the Pennsylvania Apprenticeship and Training Council lacks power independent of the U. S. Department of Labor to register and approve apprentices. No such implication was intended. It is clear under the law that the State may register apprentices independent of Federal registration.

### ORDER

AND NOW, this 4th day of June, 1974, it is ordered that appellee's prayer for reargument be and it is hereby denied.