508 A.2d 1293

Commonwealth of Pennsylvania, Pennsylvania Liquor Control Board, Appellant *v.* Ann M. Guide, t/a Budget Beer Store, Appellee.

Submitted on briefs October 8, 1985, to President Judge CRUMLISH, JR., Judge COLINS, and Senior Judge KALISH, sitting as a panel of three.

*Patrick M. McHugh,* Deputy Chief Counsel, with him. *Gary F. DiVito,* Chief Counsel, for appellant.

*Louis E. Caputo,* for appellee.

OPINION BY PRESIDENT JUDGE CRUMLISH, JR., May 6, 1986:

The Pennsylvania Liquor Control Board (LCB) here appeals an Allegheny County Common Pleas Court order which reversed its decision to suspend Ann M. Guide's distributor license. We reverse the court below.

Guide installed and operated a retail self-service gas station as an adjunct to her beer distributorship. The LCB suspended her license for failure to obtain advanced approval to operate another business. Section 492(12) of the Liquor Code.[1] The common pleas court, in a de novo proceeding, found that the LCB had approved the operation of a gas station.

Where a Liquor Code violation is heard de novo in the common pleas court, our scope of review is limited to determining whether the court abused its discretion or committed an error of law, and whether the court's order is supported by sufficient evidence. *Acorn Club of Swissvale v. Pennsylvania Liquor Control Board,* 93 Pa. Commonwealth Ct. 335, 500 A.2d 1296 (1985).

The LCB contends that there is no competent evidence that Guide obtained LCB approval to operate another business in conjunction with her licensed distributorship. We agree.

The record contains no substantial competent evidence to support a conclusion that the LCB gave Guide approval for the operation of the gasoline station. Before the trial court, Guide testified that permission was granted by the LCB to operate the gas station as a result of a telephone conversation between her attorney and an unidentified member of the LCB, although she had not in fact participated in the alleged conversation. There is nothing in this record to confirm the alleged conversation, nor did her attorney testify to its existence. The LCB's counsel raised a timely objection to the admission of Guide's testimony. Because this testimony is clearly hearsay, the common pleas court erred by admitting it over this objection. *See A & B Electrical Contracting Co., Inc. v. Department of Labor and In-*

---

[1] Act of April 12, 1951, P.L. 90, *as amended,* 47 P.S. §4-492(12).

*dustry,* 13 Pa. Commonwealth Ct. 506, 319 A.2d 188 (1974). As a result, there is no competent record evidence supporting the common pleas court's finding of LCB approval for the gas station.

Accordingly, we reverse the common pleas court's order and reinstate the suspension.

ORDER

The Allegheny County Common Pleas Court order, No. SA 737 dated November 18, 1982, is reversed. The Pennsylvania Liquor Control Board's order suspending appellee's distributor license is reinstated.