Commonwealth of Pennsylvania, Pennsylvania Liquor Control Board, Appellant, *v.* Wisnoff Company, Grossman's Bar, Appellee.

Submitted on briefs, April 4, 1974, to Judges CRUM-
LISH, JR., MENCER and ROGERS, sitting as a panel of
three.

*J. Leonard Langan,* Assistant Attorney General,
with him *Alexander J. Jaffurs,* Assistant Attorney
General, and *Israel Packel,* Attorney General, for appellant.

*Arthur S. Lorch,* for appellee.

OPINION BY JUDGE ROGERS, April 29, 1974:

This is an appeal by the Pennsylvania Liquor Control Board from an order of the Court of Common Pleas of Philadelphia County sustaining the appeal of Wisnoff Company from an order of the Board revoking Wisnoff Company's restaurant liquor license and forfeiting its bond.

Wisnoff Company acquired a restaurant liquor license for premises 167-169 West Lehigh Avenue, Philadelphia, in late 1963 or early 1964. It borrowed the

money to purchase the license and restaurant business from Granite Investment Company. The directors of the company were Jack Wisnoff, Martin Stein and Norman Soble. Jack Wisnoff was also secretary and treasurer of the Wisnoff Company and manager of its business, approved in the latter capacity by the Liquor Control Board. Directors Stein and Soble were Granite Investment Company's representatives on the board of directors.

In December of 1967, because of the failure of the business of Wisnoff Company to provide sufficient income to pay its obligations, including that to Granite, Jack Wisnoff simply left the business and thereafter had nothing more to do with it. Granite Investment Company assumed control of Wisnoff Company and from time to time thereafter installed managers, three of whom, Julio Vasquez, Richard M. Neals and Theodore Edward Fuller, were approved by the Liquor Control Board but one of them, Wilbert Groce, also known as Mike Todd, who became manager in December 1970, was not. Granite Investment Company caused the filing of Wisnoff Company's liquor license renewal applications for the years ending October 31, 1969, October 31, 1970 and October 31, 1971. Although, as stated, Jack Wisnoff divorced himself from the business in 1967, renewal applications were filed annually thereafter by Granite for Wisnoff Company bearing his purported signature as Secretary and Treasurer.[1] Mr. Wisnoff testified specifically that the signature on the renewal application for the year ending October 31, 1971 was not his. He admitted, however, providing a photograph of himself to the managing director of Granite

---

[1] Granite's chief executive officer, one William Gelrod, testified that Jack Wisnoff was continued in name as a director and officer of Wisnoff Company because Wisnoff Company owed Federal taxes, Jack Wisnoff's liability for which Gelrod thought might be relieved by his removal from those offices.

Investment Company in November of 1970 for use apparently in making application for renewal.

The Liquor Control Board citation charged Wisnoff Company with the following violations of the Liquor Code or regulations:

"(1) The licensed corporation is not the only one pecuniarily interested in the licensed business.

"(2) You falsified your application for Restaurant Liquor License for the years expiring October 31, 1969, October 31, 1970 and October 31, 1971."

The evidentiary record was made at the hearing conducted by the Liquor Control Board which found the licensee guilty of both offenses charged. The court below, on the licensee's appeal, reviewed the evidence produced at the Board hearing, stipulated into evidence in the court below. As noted, the court reversed the Board.

The licensee contended in the court below, and still contends, that since Granite Investment Company's interest as a creditor was known to the Liquor Control Board, it did not violate any law or regulation. It and the court below relied on *Flomar Bar Corporation Appeal*, 30 Pa. D. & C. 2d 93 (1962), *aff'd per curiam*, 201 Pa. Superior Ct. 25, 191 A. 2d 912 (1963). In *Flomar*, the Court of Quarter Sessions of Philadelphia sustained the appeal from suspension of its license of a corporation, the control of which, as in this case, was assumed by a creditor corporation, which arranged for new management and a proposed transfer of the license to a new ownership. The offenses charged in *Flomar* were that the licensed corporation was not the only one pecuniarly interested and that a manager was appointed without Board approval. The bases upon which the court in *Flomar* sustained the appeal were that a full disclosure of the creditor's interest in and activities with regard to the licensee corporation was made to the Liquor Control Board and the Board's specific approval of

changes in corporate officers, directors and managers made by the creditor corporation. The facts of this case are quite different. Although the Liquor Control Board seems here to have been advised of the interest as creditor of Granite Investment Company and approved some, but not all, of the managers appointed by it, Jack Wisnoff's name was represented to the Board to be an officer long after he had severed all connection with the Wisnoff Company, his signature was forged on at least one application, and Wilbert Groce was installed as a manager without Board approval. Further, as we have noted, there was no charge in *Flomar* of falsification of applications, as there is here.

It is our function to determine whether there is evidence to support the Board's order appealed from, and whether the court below committed an error of law or abused its discretion. *Heights Fire Company Liquor License Case,* 181 Pa. Superior Ct. 56, 121 A. 2d 902 (1956). We believe that the court below either overlooked or misapprehended the substantial differences between the facts of this case and those of *Flomar* and thereby committed the error of law of following a case of no precedential value.

The order of the court below is reversed and the order of the Liquor Control Board revoking the appellee's restaurant liquor license and bond is reinstated.