Commonwealth *v.* Winkleman, Appellant.

Submitted June 18, 1974. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*John M. Myers, Colie Chappelle,* and *John W. Packel,* Assistant Defenders, and *Vincent J. Ziccardi,* Defender, for appellant.

*David Richman, Mark Sendrow,* and *Steven H. Goldblatt,* Assistant District Attorneys, *Abraham J. Gafni,* Deputy District Attorney, *Richard A. Sprague,* First Assistant District Attorney, and *F. Emmett Fitzpatrick,* District Attorney, for Commonwealth, appellee.

OPINION BY WATKINS, P. J., September 23, 1974:

This is an appeal from the denial by the Court of Common Pleas of Philadelphia County, Criminal-Trial Division, of an appeal by way of Writ of Certiorari

from the Municipal Court of Philadelphia by the defendant-appellant, Victoria Ann Winkleman, after conviction in a non-jury trial of Public Indecency, Act of June 24, 1939, P. L. 872, §519, 18 P.S. §4519; and Obscene Exhibition, Act of June 24, 1939, P. L. 872, §528; 1959, September 23, P. L. 945, §1; 18 P.S. §4528. She was sentenced to be incarcerated for ninety (90) days, pay $50.00 costs and a $500.00 fine. She had also been convicted of firearms violations from which no appeal was taken and sentence was suspended on that conviction.

The defendant was a "go-go" dancer performing at a Philadelphia nightclub. She was arrested on November 21, 1972, after one of her dancing performances and charged with the violations set forth above. Defendant's contention is that her convictions must be reversed because the sections of Pennsylvania's previous crime code are unconstitutional as violative of the First and Fourteenth Amendments of the United States Constitution in that the sections are overly broad and vague. The Commonwealth contends the sections are not constitutionally infirm since the defendant's dance was not conduct protected by the freedom of speech and expression provisions of the First Amendment as applied to the states by the Fourteenth Amendment.

The crime of Public Indecency is defined as the commission of the following acts: 18 P.S. §4519: "Open lewdness, or any notorious act of public indecency, tending to debauch the morals or manners of the people . . ."

The crime of Obscene Exhibition is defined as follows: 18 P.S. §4528: "Whoever gives or participates in . . . any dramatic, theatrical, operatic, or vaudeville exhibition, or the exhibition of fixed or moving pictures, of an obscene nature . . ."

"An exhibition shall be deemed obscene if, to the average person applying contemporary community

standards, its dominant theme taken as a whole appeals to the prurient interest."

At the outset we point out that since defendant was convicted of "Obscene Exhibition", 18 P.S. §4528, she was engaged in a dramatic, theatrical, operatic or vaudeville exhibition since such an exhibition is a necessary element of the crime as defined in this section.

In *Smith v. Crumlish,* 207 Pa. Superior Ct. 516, 218 A. 2d 596 (1966), this Court held that the section was constitutional under the standards then in effect as enumerated by the United States Supreme Court. However, since our decision in *Smith,* supra, the United States Supreme Court has undertaken to redefine the constitutional limitations on state statutes which attempt to control public indecency and obscenity.

The case of *Miller v. California,* 413 U.S. 15, 93 S. Ct. 2607, 37 L. Ed. 2d 419 (1973), established the following guidelines for the trier of facts in cases involving possible restrictions of First Amendment freedoms:

"A. the average person, applying contemporary community standards would find that the work, taken as a whole, appeals to the prurient interest; and

"B. the work depicts or describes in a patently offensive way, sexual conduct specifically defined by the applicable state law; and

"C. the work, taken as a whole, lacks serious literary, artistic, political, or scientific value."

It is apparent that under such standards both 18 P.S. §4519 and 18 P.S. §4528 are unconstitutional as applied to the defendant in this case. Element (B) of the "Miller Test" is absent in both sections. As such, the convictions obtained against the defendant under these sections must fail.

The Commonwealth argues that in *California v. LaRue,* 409 U.S. 109, 93 S. Ct. 390, 34 L. Ed. 2d 342

(1972), the Supreme Court distinguished between verbal and pictorial expressions which are protected speech and non verbal, physical conduct which is not classified as speech and held that a go-go dancer's act was not speech subject to the protection of the First and Fourteenth Amendments.

While *LaRue,* supra, did reiterate the principle established in the *United States v. O'Brien,* 391 U.S. 367, 88 S. Ct. 1673, 20 L. Ed. 2d 672 (1968), which held that "as the mode of expression moves from the printed page to the commission of public acts which may violate valid penal statutes the scope of permissible state regulations significantly increase," it did not hold that a dance or other theatrical or vaudeville exhibition was not entitled to constitutional protection under the First Amendment. In fact, the court in *LaRue,* supra, specifically recognized that various aspects of the conduct proscribed by the California statute might otherwise be violations of the free speech principle. However, the Court in that case upheld a California Statute which prohibited certain types of specifically defined sexual conduct in public drinking establishments basing its opinion on the fact that a state has great latitude in regulating such establishments.

This situation is not applicable to the present case since the convictions were based on the public indecency and obscene exhibition sections of the penal code and were obtained against a performer at the nightclub and not against the owner. These convictions were not based on violations of Pennsylvania's Liquor Control Board's Regulations. It should also be pointed out that California's liquor laws specifically described the type of conduct proscribed by them.

*United States v. O'Brien,* supra, cited by the Commonwealth, does not bear on this situation. *O'Brien,* supra, upheld the government's regulations against the burning of draft cards reasoning that a legitimate gov-

ernmental interest was served by the prohibition of this conduct the purpose of which was unrelated to limiting free expression. Thus, in *O'Brien,* supra, the resultant limitation on free expression was merely incidental to the legitimate governmental interest in requiring certain citizens to have draft cards. It was not the symbolic act of burning the card, but the destruction of a card which defendant was required to carry, which was the prohibited act. For this reason, *O'Brien,* supra, has no application to the present case since the very purpose of the statutes under question here is the limitation set on the nature of the conduct proscribed and not on its effect as was the case in *O'Brien,* supra.

In *Schacht v. United States,* 398 U.S. 58, 90 S. Ct. 1555, 26 L. Ed. 2d 44 (1970), the Court clearly held that theatrical productions are entitled to broad prima facie First Amendment protection. See also, *PBIC, Inc. v. Byrne,* 313 F. Supp. 757 (Mass., 1970) vacated to consider mootness, 401 U.S. 987, 91 S. Ct. 1222, 28 L. Ed. 2d 526 (1971); and *In re Giannini,* 69 Cal. 2d 563, 446 P. 2d 535 (1968), cert. denied sub nom *California v. Giannini,* 395 U.S. 910, 89 S. Ct. 1743, 236 L. Ed. 2d 223 (1969). These cases indicate that public entertainment type exhibitions are entitled to First Amendment protection. Since the very section that prohibits obscene conduct refers to "dramatic, theatrical, operatic or vaudeville exhibitions" it would be unfair and contradictory to permit a conviction under this section and then, on appeal, hold that such conduct is not such an exhibition and therefore unprotected by the First Amendment guarantee as defined in *Schacht,* supra. For this reason, we must hold that 18 P.S. §4528 is unconstitutional in that it fails to set forth with specificity the type of conduct that it prohibits.

We do not hold that 18 P.S. §4519 is patently unconstitutional, in all cases. However, the conviction ob-

tained against the defendant in this case under this section must be reversed since we have determined that defendant's performance does come within the purview of the First Amendment and the section, again, does not specify what type of conduct is prohibited during such a theatrical production. Thus, 18 P.S. §4519 may still be constitutional if applied to one not engaged in a type of conduct which is graced with First Amendment protection. We do not hold, that the Commonwealth may not regulate theatrical or vaudeville productions or nightclub acts. We do hold that if the Commonwealth does attempt to regulate such conduct the statutes so doing must set forth with specificity the type of conduct that is prohibited.

This decision, of course, does not attempt to decide the constitutionality of the sections dealing with obscenity or indecency in the new Crimes Code, nor does it attempt to decide the validity of Pennsylvania Liquor Control Board regulations on this subject since they played no part in this case.

The judgment of sentence is reversed and the defendant is discharged.

JACOBS and HOFFMAN, JJ., concur in the result.