Roosevelt Democratic Club of the 35th Ward of Philadelphia, Appellant, *v.* Commonwealth of Pennsylvania, Pennsylvania Liquor Control Board, Appellee. (First Case)

Argued October 11, 1974, before Judges MENCER, ROGERS and BLATT, sitting as a panel of three.

*Leo H. Loffel,* for appellant.

*J. Leonard Langan,* Assistant Attorney General, with him *Harry Bowytz,* Chief Counsel, and *Israel Packel,* Attorney General, for appellee.

OPINION BY JUDGE MENCER, November 14, 1974:

This appeal is from a January 30, 1974 order of the Court of Common Pleas of Philadelphia County affirming the October 22, 1973 order of the Pennsylvania Li-

quor Control Board (Board) revoking the club liquor license of the Roosevelt Democratic Club of the 35th Ward of Philadelphia (appellant). On June 20, 1973, the Board issued a citation to the appellant to show cause why its club liquor license No. C-3226 should not be revoked and the bond forfeited.

A hearing was held before the Board which found that the evidence established that the appellant had violated the laws of the Commonwealth and/or the regulations of the Board. Since this was the fifth citation issued against the appellant, the Board noted that a severe penalty was warranted and, on October 22, 1973, revoked the appellant's license, effective November 14, 1973.

The appellant appealed from this order of the Board to the Court of Common Pleas of Philadelphia County. The Court held a de novo hearing and affirmed the revocation of appellant's club liquor license after making the following findings of fact: "[O]n August 17, 1972, September 6, 1972 and February 28, 1973 the appellant by its servants, agents or employes sold liquor and/or malt or brewed beverages on the licensed premises to nonmembers. It is also clear and we find as a fact that on August 17th and September 6, 1972 the appellant by its agents, servants or employes permitted persons to be solicited for the purpose of purchasing beverages for others. Moreover, we also find, as a fact, that the appellant on August 17, 1972 and September 6, 1972 sold liquor and/or malt or brewed beverages between the hours of three o'clock ante meridian and seven o'clock ante meridian."

The appellant contends in this appeal that there is insufficient competent evidence to support the findings of the lower court. After a careful review of the record, we must disagree simply because the record convinces us that the order of the lower court is supported by sufficient competent evidence.

A member of the Pennsylvania State Police testified that on the three dates in question he was admitted to appellant's club, although not a member of the club, and served drinks, some of which were ordered and served after the legal closing time. In addition, he testified that on each of three occasions, while he was seated at the bar, he was approached by a woman. These women, sometimes in the presence of employees of the appellant, requested the trooper to purchase them drinks. He also testified to the use of different colored plastic drink stirrers used by appellant's employees and that the drinks with red plastic stirrers were always served to the women, who would remove them and place them in their pocketbooks.

On appeal it is the duty of this Court to determine whether the court below abused its discretion or committed an error of law. The matter of credibility of the witnesses is for that court to determine. We cannot here weigh the testimony given before the court below. An appeal from an order revoking a liquor license is in the nature of a certiorari, and this Court is required to review the record to determine whether the evidence supports the order of the lower court. *See Secrist Liquor License Case,* 195 Pa. Superior Ct. 73, 169 A. 2d 314 (1961).

This case is primarily one of fact. The court below, believing the witnesses of the Board, was justified in affirming the revocation of the Board.[1]

---

[1] Appellant does not contend that the facts as found by the lower court do not violate Section 406(a) of the Liquor Code, Act of April 12, 1951, P. L. 90, *as amended,* 47 P.S. §4-406(a) which contains the following provisions:

"No club licensee nor its officers, servants, agents or employes, other than one holding a catering license, shall sell any liquor or malt or brewed beverages to any person except a member of the club. . . .

. . . .

Appellant asserts in this appeal that the lower court erred in rendering a decision in this case in violation of a stipulation agreement. The alleged stipulation supposedly provided that the lower court would await the "outcome" of another appeal before another judge of the court below before deciding the case which is the subject of this appeal. This assertion is without merit since the alleged stipulation is not of record and, at most, it was a suggestion to the lower court with no indication of record whether the suggestion resulted in a definite agreement or a unilateral understanding only. Further, appellant has failed to persuade us that it was in any way prejudiced by the lower court's deciding this case prior to the decision in the other pending appeal. Even if we could conclude that there was error in this regard, we are satisfied that it would be, on this record, harmless error.

Likewise without merit is appellant's contention that it was error for the lower court to admit testimony by a Pennsylvania State Police trooper that while he was seated at the bar in appellant's establishment he was approached on three occasions by women and each woman identified herself by a first name and asked

---

". . . No club licensee or its servants, agents or employes may sell liquor or malt or brewed beverages between the hours of three o'clock antemeridian and seven o'clock, antemeridian on any day."

Also, appellant does not dispute here that the lower court's finding of fact pertaining to solicitation constitutes a violation of Section 13.101 of the Regulations of the Pennsylvania Liquor Control Board, 40 Pa. Code §13.101, which was issued pursuant to Section 2-207(i) of the Act of April 12, 1951, P. L. 90, *as amended*, 47 P.S. §2-207(i), and which reads: "No licensee, servant, agent, or employe thereof, may at any time permit any person on the licensed premises to solicit or entice any other person for the purpose of the purchase of any food, beverages, merchandise, service, or any other item or thing stored, possessed, served, sold, exposed for sale or dispensed on the licensed premises or any contiguous or adjacent premises or premises operated in connection therewith."

the trooper to buy her a drink. The admission of such testimony is original evidence and, being a part of a transaction that constitutes a violation of the Board's regulation, is in fact material and an exception to the hearsay rule. 1 G. Henry, Pennsylvania Evidence §441 (4th ed. 1953).

Order affirmed.