Commonwealth *v.* Mariano J. DiMarco and Mary E. DiMarco. Commonwealth of Pennsylvania, Pennsylvania Liquor Control Board, Appellant. Mariano J. DiMarco and Mary E. DiMarco, Appellants *v.* Commonwealth of Pennsylvania, Pennsylvania Liquor Control Board, Appellee.

Argued September 10, 1976, before Judges CRUM-LISH, JR., WILKINSON, JR., and ROGERS, sitting as a panel of three.

*J. Leonard Langan,* Assistant Attorney General, with him *Harry Bowytz,* Chief Counsel, and *Robert P. Kane,* Attorney General, for Commonwealth.

*John P. Campana,* with him *Campana & Campana,* for DiMarco.

OPINION BY JUDGE ROGERS, October 6, 1976:

Both the Pennsylvania Liquor Control Board and Mariano J. DiMarco and Mary E. DiMarco, his wife, owners of Yano's White Horse Inn, Lycoming County, have appealed from an opinion and order of the Court of Common Pleas of Lycoming County modifying a Liquor Board order by reducing a fine imposed by the Board on the DiMarcos from $1000 to $500.

The Liquor Control Board argues that the court below, which conducted a hearing de novo, capriciously disregarded uncontradicted evidence when it found that "the evidence is not sufficient to show that de-

fendants permitted the . . . dancer to contact and/or associate with patrons in the licensed premises." The finding complained of differs from a finding by the Board that the DiMarcos permitted entertainers "to contact and/or associate with patrons." Since the court itself took testimony and made a finding different from that of the Board, the Board, quite properly, does not question the court's power to modify its order;[1] rather the Board says that the court capriciously ignored its evidence.

The regulation alleged to have been violated by the DiMarcos is 5.32(d) of the Liquor Board, to be found at 40 Pa. Code §5.32(d), and reads as follows:

"No licensee shall permit any person engaged directly or indirectly as an entertainer in the licensed establishment or any room or place connected therewith, to contact or associate with the patrons in such establishment, room or place for any purpose. A copy of this restriction shall be constantly and conspicuously displayed on the wall of the dressing room or rooms used by such entertainers."

We agree with the Board that the description by its witnesses of the dancer's activities would sufficiently prove contact and association with patrons during the course of her performance. On the other hand, most of this testimony was refuted by the DiMarcos' witnesses, including the dancer. We find no fault with the court's action in making a finding different from that of the Board in these circumstances. Therefore, the court had the power, which in our judgment it did not err in asserting, to modify the penalty by reducing it from $1000 to $500, pursuant to Section 4-471 of the Liquor Code, Act of April 12, 1951, P.L. 90, *as amended*, 47 P.S. §4-471.

---

[1] In re *Noonday Club of Delaware County, Inc.*, 433 Pa. 458, 252 A.2d 568 (1968).

The DiMarcos in their cross-appeal complain first that the section of the Liquor Code which they were charged with violating is generally unconstitutionally void for vagueness, and second that it was unconstitutionally applied to them by the Board and Court because their dancer's performance was not in fact as lewd as those of other persons whose *criminal convictions* of the crimes of Public Indecency and Obscene Exhibition have been overturned in other cases. Since the cases cited in support of the second argument hold the criminal statutes there in question to be unconstitutionally vague, while unnecessarily describing the alleged offending activities, the DiMarcos in effect advance only one argument, that being that Section 493(10) of the Liquor Code, 47 P.S. §4-493(10) is unconstitutional for vagueness. The section in question renders it unlawful, *inter alia*, for any licensee "to permit in any licensed premises any lewd, immoral or improper entertainment regardless of whether a permit to provide entertainment has been obtained or not." This section of the Liquor Code was specifically and resoundingly upheld against the same constitutional attacks made by the DiMarcos in *Tahiti Bar, Inc. Liquor License Case*, 395 Pa. 355, 150 A.2d 112 (1959). The Supreme Court, by now Chief Justice BENJAMIN R. JONES, held *inter alia* that the words "lewd, immoral and improper" were not unconstitutionally vague or indefinite. It also pointed out that no one has a constitutional right to engage in the business of selling alcoholic beverages and that actions against licensees violating the Liquor Code are civil and administrative proceedings and not criminal in nature. As we understand the DiMarcos' brief which neither cites nor discusses *Tahiti Bar, Inc.,* their desire is that we overrule that decision, an action which we would not take if we had the power to do so, since we believe that it is in all respects sound. The

appellant's reliance on *Commonwealth v. Winkleman,* 230 Pa. Superior Ct. 265, 326 A.2d 496 (1974), is entirely misplaced because that case dealt with a criminal statute and came up on appeal from a judgment of sentence of incarceration after conviction of the appellant of violations of sections of the then Penal Code.

We therefore affirm the order of the court below made by President Judge GREEVY and supported by his thorough and able opinion.

ORDER

AND Now, this 6th day of October, 1976, the order of the court below made June 12, 1975 is affirmed.