Re: Nick Diana and Josephine Diana, t/d/b/a The Falls, 204 East Market Street, Blairsville, Pennsylvania. Nick Diana and Josephine Diana, Appellants.

Submitted on briefs, June 6, 1977, to Judges CRUMLISH, JR., KRAMER and BLATT, sitting as a panel of three.

*Robert Davis Gleason*, and *Gleason, DiFrancesco, Shahade & Markovitz*, for appellants.

*J. Leonard Langan*, Assistant Attorney General, *Harry Bowytz*, Chief Counsel, and *Robert P. Kane*, Attorney General, for appellee.

OPINION BY JUDGE BLATT, August 1, 1977:

Nick and Josephine Diana (licensees) appeal here from an order of the Court of Common Pleas of Indiana County which affirmed an order of the Pennsylvania Liquor Control Board (Board) revoking their liquor license.

The licensees operated a bar and restaurant known as "The Falls" located in the Borough of Blairsville, Indiana County. An enforcement officer for the Board visited The Falls on the evening of December 6 and the early morning hours of December 7, 1974 and observed the performance of a so-called "go-go dancer." Based on the officer's observations, the Board issued a citation charging the licensees with permitting lewd, immoral and improper entertainment on the licensed premises in violation of Section 493(10) of the Liquor Code[1] (Code). After a hearing, the Board issued an order revoking The Fall's liquor license. The licensees appealed to the lower court which held a de

---

[1] Act of April 12, 1951, P.L. 90, *as amended*, 47 P.S. §4-493(10).

novo hearing and affirmed the Board's order. This appeal followed.

In a liquor license revocation case, review by this Court is limited to a determination of whether or not the Board's order is supported by sufficient evidence and whether or not the lower court committed an error of law or abused its discretion. *Liquor Control Board v. Wisnoff Co.*, 13 Pa. Commonwealth Ct. 371, 318 A. 2d 774 (1974). The sole issue presented here is whether or not the revocation order is supported by substantial evidence.

Section 493(10) of the Code provides that it is unlawful for a licensee in any circumstance to permit on its premises lewd, immoral or improper entertainment. Violations of this section subject the licensee to suspension or revocation. The evidence presented before the lower court at the de novo hearing consisted of the testimony of the enforcement officer who had visited The Falls and the testimony of one of the licensees and two employes. The officer testified that on the occasion he visited The Falls he saw the same go-go dancer perform three times and that, each time, she performed in an abbreviated costume and indulged in physical contact of a suggestive and prurient nature with patrons who were near the platform on which she danced. The testimony of the licensee and his employes was contradictory.

The licensees argue here that this contradiction in the testimony indicates that the lower court's order is unsupported by the evidence. We disagree. In a liquor license revocation case, questions of evidentiary weight and of the credibility of witnesses are left to the lower court, *Roosevelt Democratic Club v. Liquor Control Board,* 15 Pa. Commonwealth Ct. 452, 455, 328 A.2d 172, 174 (1974). The lower court here obviously found the testimony of the officer to be more credible than that of the licensee and his employes,

and, relying on this testimony, it found that the dancer's performance was lewd, immoral and improper entertainment. This finding is supported by substantial evidence and is binding on this Court.

The order of the lower court is therefore affirmed.

ORDER

AND Now, this 1st day of August, 1977, the order of the Court of Common Pleas of Indiana County dated August 23, 1976, and numbered 325 Criminal Docket 1975, is hereby affirmed.