In The Matter of Revocation of Restaurant Liquor License No. R-18291 and Amusement Permit No. AP-18291 et al.

Andrew Bobotas and Angeliki Bobotas, t/a "Step Inn", Appellants *v.* Commonwealth of Pennsylvania, Pennsylvania Liquor Control Board, Appellee.

Submitted on briefs, September 13, 1979, to Judges MENCER, DISALLE and MACPHAIL, sitting as a panel of three.

538

*Anthony J. Grieco,* with him *Henry P. Perciballi,* for appellants.

*J. Leonard Langan,* Assistant Attorney General, with him *Kenneth W. Makowski,* Acting Chief Counsel, and *Gerald Gornish,* Attorney General, for appellee.

OPINION BY JUDGE MENCER, October 19, 1979:

Andrew Bobotas and Angeliki Bobotas (licensees) appeal here from an order of the Court of Common Pleas of Lycoming County which affirmed an order of the Pennsylvania Liquor Control Board (Board) revoking their restaurant liquor license and amusement permit.

The licensees operated a bar and restaurant known as "Step Inn" located in the Borough of Montgomery, Lycoming County. An enforcement officer for the Board visited Step Inn on the evening of October 15, 1976 and the early morning hours of October 16 and observed Andrew Bobotas, one of the licensees, permitting and taking part in the following incident: A male patron of the Step Inn removed the blouse from a female patron, thereby exposing her breasts to public view. The male patron then engaged, with Andrew Bobotas, in a game of tossing the blouse back and forth while the female patron made attempts to retrieve the blouse, during which time her breasts were uncovered. This incident occurred during a period when the bar was open for business and when there were other patrons present. In addition, the enforcement officer testified that Andrew Bobotas permitted a musical group known as "Nova" to continue performing until at least 2:45 a.m. on October 16, 1976, which was a time later than the legal operation hours of the bar.

Based on the enforcement officer's observations, the Board issued a citation charging the licensees with permitting dancing and entertainment in their licensed establishment, on October 16, 1976, beyond the hours when the sale of liquor or brewed beverages was permitted and with operating their licensed establishment, on October 16, 1976, in a noisy and/or disorderly manner. After a hearing, the Board issued an order revoking the restaurant liquor license and amusement permit of licensees, trading as Step Inn. The licensees appealed to the Court of Common Pleas of Lycoming County which held a de novo hearing and affirmed the Board's order. This appeal followed.

In a liquor license revocation case, review by this Court is limited to a determination of whether or not the Board's order is supported by sufficient evidence and whether or not the lower court committed an error of law or abused its discretion. *Liquor Control Board v. Wisnoff Co.*, 13 Pa. Commonwealth Ct. 371, 318 A.2d 774 (1974).

The evidence presented before the lower court at the de novo hearing consisted of the testimony of the enforcement officer who had visited Step Inn and the contradictory testimony of one of the licensees and two patrons at the time in question. In a liquor license revocation case, questions of evidentiary weight and of the credibility of witnesses are matters to be determined by the lower court. *In re Diana,* 31 Pa. Commonwealth Ct. 363, 375 A.2d 1386 (1977).

The lower court here obviously found the testimony of the enforcement officer to be more credible than that of the licensee and the patrons and, relying on his testimony, it found that the licensees, contrary to the Board's regulations, operated their licensed establishment on October 16, 1976 in a disorderly manner and, on that same date, permitted dancing and entertainment in their licensed establishment beyond the hours

when the sale of liquor or brewed beverages was legally permitted. This finding is supported by substantial evidence and is binding on this Court and subjects the licensees to the revocation order of the Board.

The order of the lower court is therefore affirmed.

ORDER

AND Now, this 19th day of October, 1979, the order of the Court of Common Pleas of Lycoming County, dated April 18, 1978, affirming the revocation of the restaurant liquor license and amusement permit issued to Andrew Bobotas and Angeliki Bobotas for premises at No. 31-33 South Main Street, Montgomery, Lycoming County, Pennsylvania, is hereby affirmed.