Commonwealth of Pennsylvania, Pennsylvania State Liquor Control Board, Appellant v. Crossover, Inc., t/a The Red Onion Cocktail Lounge, Appellee.

Argued December 3, 1979, before Judges WILKINSON, JR., MENCER and ROGERS, sitting as a panel of three.

*J. Leonard Langan*, Assistant Attorney General, with him, *Kenneth W. Makowski*, Acting Chief Counsel, for appellant.

*Samuel J. Goldstein*, for appellee.

OPINION BY JUDGE WILKINSON, JR., January 3, 1980:

This is an appeal by the Pennsylvania Liquor Control Board (Board) from an order of the Court of Common Pleas of Allegheny County which reversed the revocation imposed by the Board against the licensee (appellee) Crossover, Inc., t/a The Red Onion Cocktail Lounge, pursuant to Citation No. 1558 of 1977. The court ordered further that the license of the appellee be suspended for a period of 30 days.

The appellee's liquor license was revoked on November 4, 1977, by the Board pursuant to Section 471 of the Liquor Code, Act of April 12, 1951, P.L. 90, *as amended,* 47 P.S. §4-471, for sales on two occasions in violation of Section 492(5) of the Liquor Code, 47 P.S. §4-492(5). An appeal from the revocation was granted, and de novo hearings were held by the court of common pleas at which the Board's enforcement officer testified to having purchased alcoholic beverages at The Red Onion Cocktail Lounge after 2 a.m. on two Sunday mornings. In its order of May 17, 1978, the court adopted the findings of fact and conclusions of law of the Board and dismissed the appeal. A petition to reconsider was submitted averring that the order was entered before all the testimony of the hearing had been transcribed. The court granted the petition, vacated its first order, and issued a new order on March 2, 1979. Having the benefit of all transcripts for review, the court was satisfied that the Board's enforcement officer gave the most credible testimony; but the court concluded that the license revocation was unwarranted considering the nature of the offense. The court ordered a reversal of the revocation and substituted a 30-day license suspension, from which order the Board appeals to this Court.

Our scope of review is limited to a determination of whether or not the order of the Board was supported by sufficient evidence and whether or not the lower court abused its discretion or committed an error of law. *Kosciuszki Liquor License Case,* 40 Pa. Commonwealth Ct. 407, 397 A.2d 493 (1979). The appellee argues that although the penalty imposed by the Board was within statutory limits, the lower court had the discretionary authority to modify that penalty while accepting the Board's findings without making further findings of fact. For this Court to

affirm such action by the lower court would be a radical departure from well-settled case law. Our Supreme Court cited with approval the Superior Court's statement of the applicable law in the *Pace Liquor License Case*, 218 Pa. Superior Ct. 300, 302, 280 A.2d 642, 643-44 (1971):

> '[t]he law is clear that the lower court may not change or modify a penalty imposed on a licensee by the Board without making specific material changes in the facts as found by the Board: Maple Liquor License Case, 207 Pa. Superior Ct. 237, 217 A.2d 859. Nor may the court below capriciously disregard competent evidence of violations by the licensee: Petty Liquor License Case, 216 Pa. Superior Ct. 55, 258 A.2d 874. Nor may the court below reduce the penalty imposed by the Board because it is considered too severe: Alston Beer Distributor Liquor License Case, 214 Pa. Superior Ct. 32, 251 A.2d 808.'

*Carver House, Inc. Liquor License Case,* 454 Pa. 38, 41-42, 310 A.2d 81, 83 (1973). *See also, Pennsylvania Liquor Control Board v. American and Croatian Singing Society,* 18 Pa. Commonwealth Ct. 614, 336 A.2d 699 (1975).

In view of the above, the Board avers that the lower court's order of modification, based on the same findings of fact made by the Board, exceeded its judicial authority. We agree.

Accordingly, we will enter the following

### ORDER

AND Now, January 3, 1980, the order of the Court of Common Pleas of Allegheny County, Civil Division, at No. S.A. 961, 1977, entered March 2, 1979, is vacated and the order of the Board is reinstated.