Markoff's Tavern, Appellant *v.* Commonwealth of Pennsylvania, Appellee.

Argued November 19, 1980, before Judges MENCER, ROGERS and WILLIAMS, JR., sitting as a panel of three.

*Bernard S. Rubb*, for appellant.

*J. Leonard Langan*, Assistant Attorney General, with him *Kenneth W. Makowski*, Acting Chief Counsel, and *Edward Biester, Jr.*, Attorney General, for appellee.

OPINION BY JUDGE WILLIAMS, JR., February 12, 1981:

This is an appeal from an Order of the Court of Common Pleas of Allegheny County which affirmed the revocation of the retail restaurant liquor license of Markoff's Tavern, Incorporated (appellant) by the Liquor Control Board (Board).

On April 29, 1978, an enforcement officer of the Board, accompanied by a civilian female companion, was admitted to the appellant's tavern and served alcoholic beverages after 2:00 a.m. He returned alone to this establishment on May 6, 1978, and was again admitted and served after 2:00 a.m. On June 11, 1978, two other enforcement officers went to the appellant's premises; they were likewise admitted and served after 2:00 a.m.

As a result of these activities, two citations were issued against the appellant by the Board for serving after hours. These citations were appealed by the appellant. The appeals were consolidated for one hearing on September 5, 1978 before an Examiner of the Board; the Examiner sustained the citations and issued orders of revocation and bond forfeitures. Timely ap-

peal from those Orders was made, and a hearing *de novo* was held in the Court of Common Pleas. That Court affirmed the Board and entered an Order dismissing appellant's appeal. The appellant brings this appeal from the Order of the court below.

In this appeal it is contended by the appellant that the court below committed error of law, or abuse of discretion, in two specific instances. We must disagree.

Appellant's first assignment of error involves the refusal of the court below to compel the Commonwealth to produce a corroborating witness. The witness involved was a young woman who was with the Board's enforcement officer when that officer was served after hours on April 29, 1978, at the appellant's tavern. The appellant contends that the court below should have ordered production of that corroborating witness for the Commonwealth when counsel for appellant so requested; and that this error was compounded when the court below failed to treat the Commonwealth's non-production of that witness as creating a factual inference that her testimony, if produced, would have been unfavorable to the state.

We reject these initial contentions of the appellant. At best, the matters here at issue present a question of credibility; and the law is clear that the credibility of witnesses is determined by the court which hears their testimony. *Center City Dining Club Liquor License Case*, 44 Pa. Commonwealth Ct. 437, 404 A.2d 719 (1979); *Roosevelt Democratic Club v. Pennsylvania Liquor Control Board*, 15 Pa. Commonwealth Ct. 452, 328 A.2d 175 (1974).

Appellant urges that it was incumbent upon the court below to draw the factual inference suggested above. That is not the law. Such an inference is permissive, not mandatory; and whether or not it is to be drawn is solely within the province of the fact-finder. *Neely v. Insurance Co.*, 322 Pa. 417, 185 A. 784

(1936); *Simon v. Fine*, 167 Pa. Superior Ct. 386, 74 A.2d 674 (1950). No error was committed by the court below in this instance.

Appellant next urges that the Commonwealth failed to meet its burden of proof as to the allegations of the citations; and that therefore, the lower court committed an error of law and abuse of discretion by affirming the Board's Order. Upon reviewing the record evidence, we are satisfied that the testimony of the Board's enforcement officers supports the decision below.

Our scope of review is limited to a determination of whether or not the court below abused its discretion or committed an error of law. *Center City, supra; Roosevelt, supra.* No error of law, or abuse of discretion, occurred below; and therefore, the order of the court below dismissing the appellant's appeal is affirmed.

ORDER

AND NOW, this 12th day of February, 1981, the Order of the Court of Common Pleas of Allegheny County, at No. SA 1161 of 1978, is affirmed.