New Sorrento, Inc., t/a Applause, Appellant *v.*
Commonwealth of Pennsylvania, Pennsylvania
Liquor Control Board, Appellee.

Argued October 9, 1981, before Judges ROGERS,
BLATT and CRAIG, sitting as a panel of three.

*Louis P. Vitti, Markovitz and Vitti,* for appellant.

*J. Leonard Langan,* Chief Counsel, for appellee.

OPINION BY JUDGE BLATT, February 3, 1982:

New Sorrento, Inc. (licensee) appeals from an order of the Court of Common Pleas of Allegheny County affirming a decision of the Pennsylvania Liquor Control Board (PLCB) revoking[1] the licensee's restaurant liquor license effective September 6, 1978 and forfeiting its bond filed for the license-year beginning May 1, 1977 and ending April 30, 1978.

The PLCB made the following findings:

1. The licensee, by its servants, agents or employes sold, furnished and/or gave or permitted such sale, furnishing and/or giving of liquor and/or malt or brewed beverages to minors on March 31-April 1, 1978.

2. The licensee permitted entertainers to contact and/or associate with patrons on the licensed premises on March 10, 19, 31, April 1, 6, 1978.

3. The licensed establishment operated by the licensee was not a bona fide restaurant habitually and principally used for the purpose of providing food for the public, in that there was an insufficient quantity of food, dishes, silverware and cooking utensils on the licensed premises on March 19, 31, April 1, 4, 17, 1978.

---

[1] Section 471 of the Liquor Code (Code), Act of April 12, 1951, P.L. 90, *as amended,* 47 P.S. §4-471.

4. The licensee, by its servants, agents or employes employed known criminals and/or persons of ill repute, on the licensed premises on March 10, 19, 31, April 1, 4, 1978.

The PLCB, in deciding to revoke the license considered the licensee's record of prior citations[2] and the penalties imposed therefor, and the court below, after a de novo hearing, held that sufficient evidence existed to support the PLCB's first three findings of fact, adopted these findings, and affirmed the revocation order.

Our scope of review in a liquor license revocation proceeding where, as here, the matter was heard de novo below, is limited to a determination of whether or not the order appealed from was supported by sufficient evidence and whether or not the court below committed an error of law or abused its discretion. *Pennsylvania State Liquor Control Board v. Crossover, Inc.*, 48 Pa. Commonwealth Ct. 260, 410 A.2d 88 (1980); *Pennsylvania Liquor Control Board v. Wisnoff Co.*, 13 Pa. Commonwealth Ct. 371, 318 A.2d 774 (1974). The licensee argues[3] here that (1) sufficient

[2] On March 4, 1976, the PLCB imposed a $500.00 fine upon the licensee for (1) permitting lewd, immoral and/or improper conduct on the licensed premises, on October 14, 15, 28, 1975, and (2) for permitting entertainers to contact or associate with patrons on the licensed premises, on October 14, 15, 28, 1975. Similarly, on September 29, 1976, the PLCB imposed a $500.00 fine upon the licensee because it was (1) not operating as a bona fide public accommodation on April 8 and 22, 1976, and (2) again permitted entertainers to contact and/or associate with patrons on the licensed premises on April 22 and 30, 1976.

[3] We reject the licensee's argument that provisions of the Code prohibiting a licensee from permitting lewd, immoral or improper entertainment are unconstitutionally vague because such argument is irrelevant to the instant matter, and even if it were relevant, we have held otherwise in *Commonwealth v. DiMarco*, 26 Pa. Commonwealth Ct. 504, 364 A.2d 755 (1976).

evidence does not exist for the finding by the court below that alcoholic beverages were served on a regular basis to minors and, (2) that findings of fact two and three adopted by the court below were also made without a sufficient basis in the record.

The licensee's first argument is irrelevant because finding number one as set forth by the PLCB and as adopted by the court below does not find that alcoholic beverages were served to minors on a *regular basis* which would be prohibited by Section 493(14) of the Code.[4] Rather, the PLCB and the court below found only a violation of Section 493(1), 47 P.S. §4-493(1), which, in pertinent part, makes it unlawful for any licensee "to sell, furnish or give any liquor or malt or brewed beverages . . . to any minor. . . ." And, although a single violation of Section 493(1) of the Code might not be a proper basis for a revocation, it is certainly a relevant consideration in a revocation case—especially where, as here, other violations of the Code are alleged to exist. We do find, however, that sufficient and competent evidence did exist upon which the court below could conclude that the events described in finding number one did occur. For example, the record discloses that PLCB agents testified that they personally observed at least two minors on the night of March 31, 1978 and early morning of April 1, 1978 being served alcoholic beverages, and, upon conducting an open inspection, they arrested such minors. Also, each of the minors testified that she was served alcoholic beverages[5] on the aforementioned evening and morning and that neither the door-

---

[4] 47 P.S. §4-493(14). Such section prohibits a licensee from permitting minors to frequent a licensed premises.

[5] One minor testified that she ordered and received a can of beer and a shot of whiskey and the other stated that she ordered and received two "screwdrivers." .

man nor the bartender requested any identification from her or required her to fill out a Section 495(c), 47 P.S. §4-495(c), identification/affidavit card.

As to the second finding for which the licensee claims that there is a lack of sufficient evidence, the record reveals that PLCB agents testified that on numerous occasions[6] they personally observed both female and male go-go dancers, who were engaged by the licensee to provide entertainment, inviting and allowing patrons of the premises to dance with them on an elevated stage. This testimony was denied by the licensee who maintained that such "patrons" were part of the "act"—in other words actually other entertainers. The licensee failed, however, to offer any proof of this self-serving statement. We believe, therefore, that the PLCB agents' testimony sufficiently supported the finding and the legal conclusion by the court below that the licensee violated Section 5.32 (d) of the PLCB regulations, 40 Pa. Code §5.32(d) which prohibits, in pertinent part, a licensee from permitting "any person engaged directly or indirectly as an entertainer in the licensed establishment or any room, or place connected therewith, to contact or associate with the patrons in such establishment, room, for [sic] place for any purpose. . . ."

Concerning the third finding, PLCB agents testified that, during visits and inspections made by them on March 19, 31, April 1, 4, and 17 of 1978, they requested food from the waitresses and the manager of the bar but were informed by such employees of the licensee that no food[7] was served at the licensed prem-

---

[6] The dates concerned are March 10, 19, 31, and April 1, 6 of 1978.

[7] All of the PLCB agents testified that during all of their visits and inspections no food was observed being served to patrons. One agent testified that he heard another agent ask the bartender what

ises and that they should go to a nearby restaurant if they wanted food. Additionally, upon conducting these inspections, the agents discovered that the premises had no dishes, silverware, or cooking utensils, and that all of the electrical appliances were empty and/or unplugged. Obviously, sufficient competent evidence existed in the record upon which the court below could find and therefore conclude that the licensee was not operating the premises as a "restaurant" which is defined in pertinent part under Section 102 of the Code, 47 P.S. §1-102, as "a reputable place operated by responsible persons of good reputation and habitually and principally used for the purpose of providing food for the public. . . ."

Lastly, we are unpersuaded by the licensee's assertions that it offered testimony which conflicted with and should control over the testimony given by the PLCB's witnesses because of the allegedly well-established rule that questions of evidentiary weight and credibility in a liquor license revocation case where a de novo hearing is held are for the court below and are not for this Court to determine. *Bobotas v. Pennsylvania Liquor Control Board*, 46 Pa. Commonwealth Ct. 537, 408 A.2d 164 (1979). We believe that the court below did not abuse its discretion or commit any error of law. The evidence adduced before it was sufficiently competent from which it could reasonably conclude that the licensee sold alcoholic beverages to minors, that the licensee permitted entertainers to contact and/or associate with patrons, and that the licensed premises was not a bona fide restaurant.

We will therefore affirm the PLCB's revocation order.

---

kind of food he had and that the bartender "said pizza and walked away."

428

ORDER

AND Now, this 3rd day of February, 1982, the order of the Court of Common Pleas of Allegheny County in the above-captioned matter is affirmed.

Judge PALLADINO did not participate in the decision in this case.

