Appeal of: Charsuner Bar Corporation. Charsuner Bar Corporation, Appellant.

Submitted on briefs March 5, 1982, before President Judge CRUMLISH, JR. and Judges BLATT and DOYLE, sitting as a panel of three.

*Abraham J. Levinson,* for appellant.

*J. Leonard Langan,* Chief Counsel, for appellee, Pennsylvania Liquor Control Board.

OPINION BY PRESIDENT JUDGE CRUMLISH, JR., August 18, 1982:

The Philadelphia County Common Pleas Court affirmed a seven-day liquor license suspension. The licensee, Charsuner Bar Corporation, appeals. We affirm.

Before the Pennsylvania Liquor Control Board (LCB), five minors testified that they were served beer, daiquiris, and kaluha and cream drinks[1] resulting in a suspension being imposed.[2] The minors also testified that no one had requested or checked their identification.

Our scope of review is limited to determining if the LCB's order was supported by substantial evidence, and whether the trial court committed an error of law or abused its discretion. *New Sorrento, Inc. v. Pennsylvania Liquor Control Board,* 64 Pa. Commonwealth Ct. 422, 440 A.2d 676 (1982).

Before the LCB, Charsuner never attempted to assert the only available defense to this violation, to wit, compliance with Section 4-495(b) and (c)[3] of the

---

[1] Charsuner was cited for a violation of Section 493(1) of the Liquor Code, P.L. 90, *as amended,* 47 P.S. §4-493.

Section 4-493 provides in part:

It shall be unlawful—

(1) For any licensee . . . or any employe, servant or agent of such licensee . . . to sell, furnish or give any liquor or malt or brewed beverages . . . to any minor. . . .

[2] The only defense to a violation of Section 4-493(1) is compliance with Section 4-495(b) requiring presentation of an LCB card and signing of a card as prescribed by Section 4-495(c).

[3] Charsuner cites *Commonwealth v. Erney,* 212 Pa. Superior Ct. 174, 239 A.2d 818 (1968) to support its contention that without more the minors' testimony is insufficient to support this suspension. We disagree, this court having accepted similar testimony as sufficient to support an LCB fine or suspension on numerous occasions. *See, e.g., New Sorrento, Inc. v. Pennsylvania Liquor Control Board,* 64 Pa. Commonwealth Ct. 422, 440 A.2d 676 (1982).

Code. Charsuner now contends that, because no proof was offered as to the exact alcoholic content of the beer, daiquiris or kaluha and cream served, the Commonwealth has failed to meet its burden to show that alcoholic beverages were served. We find this argument without merit. The record amply supports the conclusion that these minors were served alcoholic beverages in violation of this Code.

Affirmed.

ORDER

The order of the Philadelphia County Common Pleas Court, M.C. 78-07-2289, dated November 13, 1978 is affirmed.

Judge MENCER did not participate in the decision in this case.