Joseph C. Carter, t/d/b/a Dutch Kitchen, Appellant *v.* Commonwealth of Pennsylvania, Pennsylvania Liquor Control Board, Appellee.

Submitted on briefs May 9, 1983, to Judges CRAIG, MACPHAIL and BARBIERI, sitting as a panel of three.

*William H. Poole, Jr.,* with him *Theodore W. Branin, Foster & Branin,* for appellant.

*Gary F. DiVito,* Assistant Counsel, with him *J. Leonard Langan,* Chief Counsel, for appellee.

OPINION BY JUDGE MACPHAIL, July 20, 1983:

This is an appeal by Joseph C. Carter trading and doing business as the Dutch Kitchen (Licensee or Dutch Kitchen), from an order of the Court of Common Pleas of York County affirming a decision of the Pennsylvania Liquor Control Board (PLCB) suspending the Licensee's liquor license for ten days for serving liquor to a minor. We affirm.

The minor, a 16 year old girl, entered the bar with some friends on the evening of October 3, 1980. According to her testimony she stayed at the Dutch Kitchen, drinking, until about 12:45 when she was asked to leave after she could not produce any proof of age. She approached the bartender with an empty beer glass and asked for a refill. It was not until this time that he challenged her age. The bartender on the other hand contends that the minor was escorted out of the Dutch Kitchen at 9:30 or 10:00 p.m. Both parties agree that the minor returned to the Dutch Kitchen with her mother at approximately 1:30 a.m. when an argument erupted and the police were called. The

minor's mother subsequently filed a complaint against the Licensee with the PLCB. The PLCB, after investigation, then charged the Licensee with serving a minor.

The trial court in its affirmance stated:

The sixteen year old girl who was the minor served testified that she drank "fifteen or twenty beers" while in Appellant's establishment before being forced to leave. While her credibility may be open to question standing alone, Joseph Carter who was tending bar that night testified that he first saw the minor when she walked up to the bar holding an empty glass and asked for a refill.

Although the bartender promptly evicted the minor, we find that the fact that she had an empty glass and asked for a refill, coupled with her own testimony, the testimony that at least later in the evening her mother found her to be intoxicated, and the fact that there was a waitress on duty the night of the incident, all indicate by a preponderance of the evidence that the minor had been served (citation omitted).

The trial court found as a fact that the Licensee did serve an intoxicating beverage to a minor and therefore concluded that the Licensee was in violation of the Liquor Code.[1] Since the trial court's finding and conclusion was identical to that of the PLCB, it reasoned that it was unable to alter the PLCB's action. We agree.

In challenging the trial court's order, Licensee contends that the evidence does not support a finding that the minor was served intoxicating beverages at the Dutch Kitchen. He argues that the only evidence in the record substantiating the finding that the minor

---

[1] Act of April 12, 1951, P.L. 90, *as amended*, 47 P.S. §4-493.

became intoxicated at the Dutch Kitchen was the testimony of the minor herself, which the Licensee contends was not credible and therefore had no probative value to support the trial court's finding.

Questions of witness credibility and evidentiary weight in a case such as this are for the trial court, not this Court, to resolve. *Bobotas v. Pennsylvania Liquor Control Board,* 46 Pa. Commonwealth Ct. 537, 408 A.2d 164 (1979). Therefore, we will not disturb the trial court's decision to accept the testimony of the minor over that of the witnesses for the Licensee. The minor unequivocally identified the Dutch Kitchen as the place where she was served alcoholic beverages, and that is sufficient evidence, in and of itself, to support the trial court's finding.

Licensee next argues that the trial court erred in refusing to draw an inference that witnesses not called by the PLCB would have testified adversely to the PLCB. Specifically, the Licensee contends that the PLCB should have called the other girls the minor was with the evening in question to receive their testimony. The minor had refused to reveal the names of some of the friends she was with that evening to the investigating officer or to the PLCB. It was only at the trial de novo where she revealed these names. Licensee states that the trial court erred when it failed to rule on this inference request when it took that matter under advisement. We disagree. In *Markoff's Tavern v. Commonwealth,* 56 Pa. Commonwealth Ct. 594, 426 A.2d 172 (1981), this Court held that the trial court did not err in refusing to compel the PLCB to produce a corroborating witness nor in failing to treat the PLCB nonproduction of such a witness as creating a factual inference that his or her testimony, if produced, would have been unfavorable to the PLCB. This Court stated in *Markoff,* 56 Pa. Commonwealth Ct. at 596, 597, 426 A.2d at 173 that:

Such an inference is permissive, not mandatory; and whether or not it is to be drawn is solely within the province of the factfinder. Neely v. Insurance Co., 322 Pa. 417, 185 A.2d 784 (1936); Simon v. Fine, 167 Pa. Super. 386, 74 A.2d 674 (1950). No error was committed by the court below in this instance.

Order affirmed.

### Order

It is ordered that the order of the Court of Common Pleas of York County dated July 14, 1981, and numbered 74 Miscellaneous Action 1981 is hereby affirmed.