Acorn Club of Swissvale, Appellant *v.* Commonwealth of Pennsylvania, Liquor Control Board, Appellee.

336

Argued March 13, 1985, before President Judge CRUMLISH, JR. and Judges CRAIG, MACPHAIL, DOYLE, BARRY, COLINS and PALLADINO.

*Edward A. McQuoid,* for appellant.

*Felix Thau,* Assistant Counsel, with him *Gary F. Di Vito,* Chief Counsel, for appellee.

OPINION BY PRESIDENT JUDGE CRUMLISH, JR., December 6, 1985:

This appeal involves a Pennsylvania Liquor Control Board (LCB) decision to fine the Acorn Club of

Swissvale for permitting gambling devices on licensed premises.[1] The Allegheny County Common Pleas Court upheld the fine. The Acorn Club appeals; we affirm.

On September 30, 1982, a LCB agent cited the Club for the presence of two "horoscope" machines on its premises. The trial court found that these converted postage-stamp machines were gambling devices per se.

Where a Liquor Code violation is heard de novo in the common pleas court, our scope of review is limited to determining whether the trial court abused its discretion or committed an error of law and whether the LCB's order is supported by sufficient evidence. *Pennsylvania Liquor Control Board Appeal,* 82 Pa. Commonwealth Ct. 142, 474 A.2d 738 (1984).

The Acorn Club contends that the trial court erred in denying its defense of collateral estoppel. The same two machines were the subject of an earlier LCB enforcement proceeding which was dismissed on a demurrer by the same trial judge.

The trial court rejected this defense because the Club failed to offer the record of the prior case into evidence. It is well established that a court may not ordinarily take judicial notice in one case of the records in another case even though the case arose in the same court and the contents of those records are known to the court. *Callery v. Blythe Township Municipal Authority,* 432 Pa. 307, 308, 243 A.2d 385, 386 (1968).

We find no extenuating circumstances for deviating from this doctrine in this case. The inherent mechanical nature of these and other related amusement machines which are easily altered to gambling

---

[1] Although not cited at the hearing or in the certified record sent from the trial court, the statute violated appears to be Section 5513(a) of the Crimes Code, 18 Pa. C. S. §5513(a).

devices causes us to note that a single game machine may be proven to be of a different purpose on two separate occasions.

A machine is a gambling device per se if it is "intrinsically connected with gambling." *Commonwealth v. Two Electronic Poker Game Machines*, 502 Pa. 186, 194, 465 A.2d 973, 977 (1983). The machine may have a legitimate use but, if it displays the three elements necessary to gambling, *i.e.*, consideration, chance and reward, it is a gambling device per se. The Club argues that the LCB has not met its burden of proving the reward element.[2]

If no direct testimony is presented that an actual payoff has occurred, the element of reward may be established by circumstantial evidence. *Two Electronic Poker Game Machines*. This can be met by testimony pointing to features which are not necessary to the functioning of the machine as a legitimate profit-making amusement game. *See, e.g., Commonwealth v. 9 Mills Mechanical Slot Machines*, 62 Pa. Commonwealth Ct. 397, 437 A.2d 67 (1981).

The trial court found credible the agent's testimony that the color legend on the bottom of the machine was unnecessary to any legitimate use.[3] The

---

[2] The Board cited *Commonwealth v. Forry*, 201 Pa. Superior Ct. 431, 193 A.2d 761 (1963), for the proposition that horoscope machines are gambling devices per se.

[3] The trial court has the duty to determine the credibility of witnesses. *Marhoff's Tavern v. Commonwealth*, 56 Pa. Commonwealth Ct. 594, 426 A.2d 172 (1981). The Liquor Control Board agent testified that the converted postal-stamp machines were "horoscope" machines and added, "On the top of the machine, it's labeled 'Pennsylvania Lottery Tickets, Pennsylvania Lottery Tips,' and then on the bottom of the machine, it was broke [sic] off into number combinations, red, white, and blue, gave various numbers and the amounts for each color combination." The agent testified that from his experience the breakaway ticket received from playing the machine could be matched against the color combination for a reward. N.T., 3/10/83, pp. 6-7.

record reveals that the agent had extensive experience in gambling investigations and that he testified that color legends are associated with payoffs. We therefore conclude that sufficient circumstantial evidence exists to establish the reward element.

We find no merit in the Club's contention that its machines are legal because they offer nothing more than numerologically based tips similar to "dream sheets" available at lottery ticket outlets. The color legends are in no way necessary to the legitimate dispensing of a number tip.

We hold that the trial court committed no error of law and that substantial evidence supports its finding that the Club's machines constituted gambling devices per se.

Affirmed.

### ORDER

The order of the Allegheny County Common Pleas Court, No. SA86 of 1982 dated March 10, 1983, is affirmed.